RIDER v. KELSO ET AL.

53  367
103  566
53  367
106  77

53  367
116  535
e117  171

1. **Fraudulent Representations:** PARENT AND CHILD: CONVEYANCE. The rule that one cannot obtain relief in equity against a conveyance executed by the plaintiff in ignorance of its contents and without being read, does not apply when such execution was at the instance of a parent in whom the plaintiff confided, and who obtained the conveyance by false and fraudulent representations.

2. **Lis Pendens:** PURCHASER AT JUDICIAL SALE. Under section 2628 of the Code, a purchaser of real estate at a judicial sale, after the commencement of an action in the county where it is situated to set aside the conveyance under which it is held by the judgment defendant, does not become a *bona fide* purchaser as against the plaintiff in such action.

3. **Lien:** JUDGMENT: ASSIGNMENT. The assignee of a judgment, as to a lien upon property for the satisfaction of the judgment, occupies no better position than that of his assignor.

*Appeal from Franklin Circuit Court.*

WEDNESDAY, APRIL 21.

THE original petition in this case was filed July 20, 1877. A substituted petition was filed May 22, 1878. The action is brought to set aside a deed executed by the plaintiff to her mother Catharine McManus, on the 25th day of October, 1873, of all the plaintiff's interest in certain lands, being the undivided one-fifth of the east sixty acres of section 35, and the undivided one-fifth of the northwest quarter of section 36, township 90, range 19, upon the ground that Catharine McManus procured said deed fraudulently and without consideration. The defendant Kelso claims to be the owner of plaintiff's interest in the sixty acres of land above described under a sheriff's deed executed pursuant to a sheriff's sale thereof on the 11th day of March, 1876; and he claims to own the plaintiff's interest in all the lands under sheriff's deeds executed pursuant to sheriff's sales on the 2d and 25th days of September, 1876. The court found that the deed to Catharine McManus was procured by fraud and should be set aside. The court further found that the defendant Kelso is

a *bona fide* purchaser, for value, without notice of the plaintiff's interest in the sixty acres of land above described, and quieted his title thereto. The court quieted the plaintiff's title to the remainder of the lands except as to a small portion claimed by defendant under tax deeds, the plaintiff having filed a disclaimer of any interest therein. The defendant Kelso and the plaintiff appeal.

*Fred Gilman*, for the defendant.

*McKenzie & Hemmingway*, for the plaintiff.

DAY, J.—I. At the time of the conveyance the plaintiff was about twenty-six years of age. She was the owner, by inheritance, of the land in controversy. She had

1. FRAUDU-LENT representations: parent and child: conveyance.

always resided with her mother, and allowed her to use the land and appropriate the proceeds. Her mother, Catharine, with the assistance of the plaintiff's brother William, induced the plaintiff to execute the deed in question, without consideration, representing to her that it was a mortgage or paper to enable her mother to get lumber to build a house. Having confidence in her mother, and relying upon her representations, she signed the deed without reading it, believing it was for the purpose represented. That the deed was fraudulently procured we entertain no doubt. The defendant, however, insists that the plaintiff can not have relief in a court of equity because she negligently and carelessly executed the deed without *reading* it, and cites in support of this doctrine numerous authorities. That this is the general rule must be conceded. But we think it does not apply to a case where the confidential relation of parent and child exists. It can not be imputed to a child as a want of vigilance that he accepts as true, without question or further inquiry, the declaration of a parent with whom he has always resided, whom he has been accustomed to obey, and in whose word he has habitually confided. Upon this subject see Story's Equity Jurisprudence, §§ 307, 309.

II. On the 1st day of April, 1873, Aultman, Miller & Co. recovered a judgment against Catharine McManus for $215.05 and costs. On the 11th of March, 1876, the interest of Catharine McManus in the sixty acres of land in question, which interest was derived in part through the conveyance of plaintiff, was sold under execution issued on said judgment to the defendant Kelso. As to this portion of the land the court held that the defendant is a *bona fide* purchaser, for value, without notice of the plaintiff's rights, and the title thereto was confirmed in defendant. This holding we think is correct.

III. Several other judgments were recovered against Catharine McManus in the years 1873 and 1874, upon notes dated April 12th, July 23d and August 21st, 1872. These judgments were assigned to Kelso April 6th and June 8th, 1876. Under these judgments the interest of Catharine McManus, including the interest claimed by plaintiff, in all the lands in controversy was sold to Kelso at sheriff's sale on the 2d and 25th of September, 1876. Sheriff's deeds were duly executed, under which the defendant claims all the interest of plaintiff. On the 12th day of June, 1876, the plaintiff filed in the Franklin District Court a petition in equity against Catharine McManus, to set aside the deed in question on the ground of fraud. That cause of action was dismissed October 1, 1877, after the commencement of this action in the Circuit Court for the same purpose. The defendant Kelso purchased at the sheriff's sale on the 2d and 25th days of September, 1876, whilst the petition remained on file in the District Court, and before the action was dismissed. Section 2628 of the Code provides: "When a petition has been filed affecting real estate, the action is pending so as to charge third persons with notice of its pendency, and while pending no interest can be acquired by third persons in the subject-matter thereof as against the plaintiff's title, if the real property affected be situated in the county where the petition is filed."

*2. LIS PENDENS : purchaser at judicial sale.*

The appellant urges in an elaborate argument that the doctrine of *lis pendens* can not affect the *bona fides* of the defendant. We think, however, that, whatever may be the modifications of the rule, when it is invoked as a mere equitable principle, independently of statute, under the above section the defendant could not become a *bona fide* purchaser of any interest in the land in question, as against the plaintiff, after the action to set the deed aside was commenced and whilst it was pending.

IV. It is claimed, however, that the deed should not be set aside because of the delay in bringing the action for that purpose. Mere delay, not extending to the time prescribed in the statute of limitations, would not affect the plaintiff's rights as to Catharine McManus. All of the notes, on which the judgments were recovered under which the defendant claims the land, were executed before the conveyance to Catharine McManus. Credit was not extended upon the faith of the property in controversy.

V. It seems to be insisted that the judgment creditors acquired some interest in the lands in question, upon the re-covery of their judgments, before the plaintiff commenced any action to set the deed aside, and that this interest passed by assignment to the defendant; and further, the claim seems to be made that the defendant may have acquired a greater right through the assignment than the original holders of the judgments possessed. The judgments operated as a lien only upon the lands actually owned by the judgment defendant. It can not be doubted that at any time before purchase of the property at sheriff's sale the plaintiff might have asserted her rights in the property as against the judgment plaintiffs. See *Parker v. Pierce*, 16 Iowa, 227; *Blaney v. Hanks*, 14 Id., 400; *Thomas v. Kennedy*, 24 Id., 397. The assignee of a judgment, as to a lien on property for the satisfaction of the judgment, can occupy no better position than that of the assignor.

3. LIEN: judgment: assignment.

Upon both appeals the judgment is

AFFIRMED.