## THE WHEELER & WILSON MANUF'G CO. v. HASBROUCK ET AL.

1. **Fraud:** MUST BE SPECIALLY PLEADED. Where a chattel mortgage was relied upon as a defense, and no reply was filed assailing its validity, the court erred in finding that it was fraudulent, because there was no such issue.

2. **Chattel Mortgage on Buildings:** LIS PENDENS: NOTICE: PRIORITY OF LIEN. Plaintiff brought this action against F. and I. to subject certain real estate held by I. to the payment of a judgment against F., on the ground that I. held it for F. in fraud of F.'s creditors. Afterwards F. conveyed to I. by chattel mortgage some buildings which he as a tenant had erected on the place. The land in fact belonged to I., and, conceding that F. owned the buildings as personal property, *held* that the pendency of the action to set aside I.'s title to the *land* was no notice to I. that plaintiff claimed to subject the *buildings, as personalty,* to the payment of its judgment, and that the pendency of the action, and his knowledge of it, did not have the effect to make his chattel mortgage inferior, as a lien on the buildings, to plaintiff's judgment.

*Appeal from Grundy Circuit Court.*

WEDNESDAY, APRIL 21.

ACTION in equity to subject certain real estate to the payment of a judgment in favor of the plaintiff against the defendant F. Hasbrouck, on the ground that the title thereto was held by his co-defendant in fraud of plaintiff's rights. From the decree the defendants appeal.

*Kerr & Gilman,* for appellants.

*Dey & Thompson,* for appellee.

SEEVERS, J.—The court found and decreed that the real estate is the property of the defendant Isaac Hasbrouck. In this finding we concur. It therefore follows that **1. FRAUD: must be specially pleaded.** the real estate cannot be subjected to the payment of a judgment against F. Hasbrouck, and the circuit court did so determine. But the court found that F. Has-

brouck had erected certain buildings and improvements on said real estate, which the court held could be subjected to the payment of plaintiff's judgment. This the appellants insist is erroneous. The action was commenced on the twentieth day of November, 1883, and came on for trial on May 20, 1885, at which time plaintiff filed an amendment to its petition, and the defendants filed an amendment to their answer, and therein pleaded that on the tenth day of December, 1883, the defendant F. Hasbrouck had executed a chattel mortgage on the buildings on the real estate to his co-defendant. To this pleading no reply was filed assailing the validity of said mortgage, and yet the court found and decreed that it was fraudulent and void. This, in our opinion, is clearly erroneous. The case is triable *de novo* in this court, and we cannot find that the mortgage is fraudulent and void, simply for the reason that there is no such issue.

It is, however, insisted by counsel for the appellee, under sections 3150 to 3152, inclusive, of the Code, that plaintiff 2. CHATTEL obtained a lien on the buildings from the time of mortgage on buildings: lis filing the petition and the service of a copy pendens: notice: priority thereof on Isaac Hasbrouck, which was on the of lien. thirtieth day of November, 1883; and, as the mortgage was not executed until after that time, the lien created by it is inferior to the plaintiff's lien. The only relief asked in the original petition which was served on Isaac Hasbrouck was that a deed conveying the real estate to Isaac Hasbrouck be adjudged fraudulent and void, and that the same be subjected to the payment of the plaintiff's judgment. In the amended petition, filed in May, 1885, the plaintiff, for the first time, asked relief as to the buildings. This was long after the execution of the mortgage, and therefore the lien of the latter has priority over that obtained by the institution of the action and service of a copy of the original petition on the defendant Isaac Hasbrouck.

We deem it proper to say that the most favorable view for the plaintiff that can be adopted, under the evidence, is to

regard the buildings as personal property, and therefore subject to the mortgage. If this is not true, then the defendant F. Hasbrouck, under the evidence, must be deemed a tenant at will who has erected buildings on the real estate. It is not claimed there was any agreement that he could remove such buildings. They, therefore, we assume, became attached to and a part of the real estate, and belong to the owner thereof.

We are of the opinion the decree of the circuit court must be

REVERSED.