ETTENHEIMER v. NORTHGRAVES *et al.*

PECK *et al.* v. THE SAME.

1. **Innocent Purchaser:** AT EXECUTION SALE : PROTECTION. A judgment creditor who purchases real estate at a sale under execution, in the absence of notice of an out standing equity, is an innocent purchaser for value, and is entitled to protection as such. ( See cases cited in opinion ).

2. **Redemption:** FROM EXECUTION SALE : SUBSEQUENT LIEN : EXTENSION OF TIME. After land had been sold on execution, but before the year for redemption had expired, certain mortgages were corrected in equity so as to cover the land. *Held* that the mortgagees had a right to redeem under the statute. ( Code, sec. 3104 ). But since they did not avail themselves of that right, nor intimate a desire to redeem until after the year had expired and a deed had been made to the purchaser, *held* that there was no ground in equity for extending the time for redemption, even if the power to do so were conceded.

*Appeal from Adams District Court.*—HON. R. C. HENRY, Judge.

FILED, SEPTEMBER 6, 1888.

THE defendant Northgraves executed three mortgages on certain real estate, which were prior liens thereon. Actions were commenced to foreclose such mortgages, and decrees were entered granting such relief. In April, 1886, the defendant Booker obtained a judgment against Northgraves, upon which an execution was issued, and in May, 1886, certain real estate was sold under said execution to said Booker, and a certificate of sale issued to him. In June, 1886, an execution was issued on said judgments of foreclosure, and in July thereafter the real estate described in the mortgages was sold by the sheriff to the plaintiff Ettenheimer, and a certificate of sale issued to him. Afterwards, in December, 1886, the plaintiffs in both actions filed what are designated as amendments to their petitions, in which it was alleged that a mistake had been made in drafting the mortgages ; the mistake being in describing

one parcel of real estate, it being the same parcel purchased, as above stated, by Booker, so that the mortgages, on their face, were not liens thereon, although the parties intended they should be. The relief asked was that the original actions might be reviewed, the mistakes in the mortgages, and sales under the decrees of foreclosure, and certificates of sale issued in pursuance thereof, corrected, and the lien of the mortgages, by a proper and sufficient decree, established, to be in force from the date of the mortgages. Such being a general statement of the claim of the plaintiff, the defendant filed an answer, denying the material allegations of the petition. The district court refused to grant the relief asked, and the plaintiffs appeal.

*Maxwell & Dale*, for appellants.

*Davis & Wells*, for appellees.

SEEVERS, C. J.—I. It will be conceded that the plaintiffs have established the claimed mistake in drafting the mortgages. One material question discussed by counsel is whether Booker had notice or such knowledge of the mortgages and of the mistakes prior to his purchase at sheriff's sale as to put him on inquiry. There is some evidence that tends to show that he had. But, after a careful reading of the evidence, we unite with the court below in the conclusion that the plaintiffs have failed to establish such proposition by a preponderance of the evidence. The evidence which has such tendency is not so direct, certain and satisfactory as to overcome the denials of Booker and Wills, who testify that, while they had knowledge of the mortgages, they did not have any knowledge of the mistake in describing the land.

II. It is insisted that Booker is not an innocent purchaser. He was a judgment creditor, and purchased at a sale under an execution issued on his judgment. As he bid the full amount of his judgment, it was thereby satisfied of record. As there are no controlling equities,

1. INNOCENT purchaser: at execution sale: protection.

we feel bound by the prior decisions of this court, in which it has been several times held that a judgment creditor, who purchased real estate at a sale under execution, in the absence of notice of an outstanding equity, is an innocent purchaser for value, and entitled to protection as such. *Evans v. McGlasson*, 18 Iowa, 150; *Halloway v. Platner*, 20 Iowa, 121; *Gower v. Doheney*, 33 Iowa, 36; *Weaver v. Carpenter*, 42 Iowa, 343.

III. Plaintiffs insist that they are at least entitled to redeem from the sale to Booker. A decree was

2. REDEMPTION: from execution sale: subsequent liens: extension of time.

entered in this proceeding, in January, 1887, making the requisite correction in the mortgages, which certainly became a lien on the land in controversy at that time; and as the statutory right to redeem had not expired, the plaintiffs, as a matter of right, were entitled to redeem under the statute. Code, sec. 3104. They declined to avail themselves of such right, nor did they, until the first day of June, 1887, which was after Booker was entitled to and had obtained a sheriff's deed conveying the premises in controversy to him, ask for or intimate that they desired to redeem. Conceding that the power exists to extend the period allowed by statute to redeem, there are no circumstances in this case which will justify us in so doing.      AFFIRMED.