E. MANNING v. D. W. FERGUSON, Appellant.

Execution Sale: RIGHTS OF PURCHASER. A purchaser at execution sale takes subject to the rights of the parties as they shall be adjudicated in the action then pending, and by virtue of which the property is sold.

Subrogation: DEFAULT. By reason of a defendant's guaranty of the note, he was entitled, even before payment of the note, to have provision made for his subrogation to the rights of the mortgagors, entitling him to relief, and the decree in favor of the judgment creditor should be set aside for want of notice to him and wrongful entry of default.

DEEMER, J., dissenting.

Default: APPLICATION TO OPEN. An application to set aside a default and a decree wrongfully entered, is not governed by Code 1873, sections 2837, 2838, providing for applications for new trial.

Appeal. Where appellee denies that an agreed statement of facts has been made a part of the record on appeal, and there is no response to the denial, except in argument, the statement will be stricken out from the abstract.

DEFAULT: *Estoppel to appeal.* Defendant was the payee and guarantor of a note, secured by mortgage, given for the price of the land mortgaged. A bill was filed by the assignee of the note and mortgage. Defendant was defaulted and judgment was rendered against him and the mortgagors for the amount of the note, and the mortgage was foreclosed. A counter-claim was filed by a judgment creditor claiming a lien prior to the mortgage, which was allowed. Defendant was made a party to but was not served with notice of the filing of said counter-claim, and default was entered against him. *Held,* that though the owner of the mortgage did not appeal from the order allowing the said claim as a prior lien, defendant, as guarantor of the note, was not thereby estopped from appealing from the refusal of the court to set aside so much of the decree as affected his rights.

*Appeal from Van Buren District Court.*—HON. T. M. FEE, Judge.

THURSDAY, OCTOBER 28, 1897.

·ACTION in equity to recover the amount due on a promissory note and for the foreclosure of a mortgage given to secure its payment. Marion Poling and Luella Poling, who were the makers of the note, the payee and guarantor, Ferguson, and Nichols, Shepard & Co., were made parties defendant. Judgment by default was rendered against the Polings and Ferguson for the amount due on the note, and the mortgage was foreclosed as to them, and the cause was continued as to Nichols, Shepard & Co. At a subsequent term the plaintiff dismissed his action as against that company, and a decree was rendered in its favor. Ferguson afterwards appeared, and asked to have his default and the decree rendered in the cause set aside. The court granted but a part of the relief he demanded, and from its refusal to grant more, he appeals.—*Reversed.*

*Mitchell & Sloan* for appellant.

*Wherry & Walker* for appellee.

ROBINSON, J.—The note upon which the plaintiff obtained judgment was dated December 31, 1891. The mortgage was upon one hundred and twenty acres of land in Van Buren county, and was recorded on the twenty-second day of January, 1892. Its date is not shown. The answer of Nichols, Shepard & Co. is in the nature of a counter-claim, and states that on the twenty-fifth day of November, 1885, the company recovered in the circuit court of Van Buren county against the defendant Marion Poling a judgment of which a large amount was unpaid; that Marion Poling purchased the land, and received a conveyance therefor on the thirty-first day of December, 1891; and that from that date the judgment became and was a lien on the land, and that the mortgage became a lien

upon the land as against the judgment creditors only from and after its filing for record. Nichols, Shepard & Co. asks that its judgment be declared to be a lien upon the mortgaged premises prior and senior to the lien of the mortgage, and that the equity of redemption of the plaintiff and all of the defendants, in the mortgaged premises, be foreclosed and forever barred. To that answer the plaintiff filed a reply, in which he admitted the rendition of the judgment, but denied that it was superior to the lien of the mortgage, and alleged that the mortgage was given for purchase price of the mortgaged premises. The decree rendered in favor of Nichols, Shepard & Co., adjudged the Polings and Ferguson to be in default, and that the judgment in its favor was a lien upon the mortgaged premises senior to the lien of the mortgage. The equity of redemption of the Polings was foreclosed. The motion of Ferguson to set aside the default and decree was based upon his affidavit, which showed that he was one of the defendants in the action; that he had no notice or knowledge of the counter-claim of Nichols, Shepard & Co., and that he first learned of the default against him and the decree in favor of the company on the day the affidavit was made. The affidavit further states that Ferguson sold the land in question to the Polings, and that the mortgage was for the purchase price of the land; that the judgment in favor of the company was obtained long prior to the sale of the land and the execution of the mortgage, and is not, in law or in equity, senior to the mortgage, and that such an issue did not necessarily arise in the foreclosure proceedings; that Ferguson sold the mortgage to the plaintiff, and that in the proceedings to foreclose it Ferguson was made a defendant because of the fact that he was indorser of the note. Upon considering the motion of Ferguson

the district court found that, no notice of the counter-claim having been served upon him, the motion should be sustained so far as the decree purported to be against him, and the decree was accordingly modified by striking therefrom that part which purported to enter a default or decree against him. The motion, so far as it applied to the decree against Manning, was overruled, and of that part of the order the appellant complains.

I.   The abstract contains what purports to be an agreed statement of facts, signed by the attorneys for the plaintiff and for Nichols, Shepard & Co.   The appellee, in an additional abstract, denies that it was ever made a part of the record.   To that denial there is no response except in argument, and it must therefore be taken as true, and a motion to strike it from the abstract has been sustained.

II.   The application of Ferguson did not show any ground for setting aside the default and judgment which Manning obtained, and the judgment in his favor must be regarded as final and conclusive as against Ferguson.   It is contended that the decree in favor of Nichols, Shepard & Co. as against Manning is also final, and that, as he has not appealed therefrom, Ferguson cannot.   It is also claimed that the attempt of the latter to have the decree against Manning set aside must be regarded as an attempt to intervene, and that it was too late.   The appeal of Ferguson is not from the decree against Manning, but must be regarded as from the refusal of the court to set aside so much of it as affected his claim to the mortgaged property.   The fact that Manning dismissed his petition before the decree was rendered did not affect the right of the defendant company to insist upon a hearing on its counter-claim; and, since Manning did not appeal from the decree rendered on that

hearing, that decree is final as to him. But the counter-claim asked affirmative relief as against the appellant, and he was entitled to notice of, and an opportunity to be heard as to that claim. The district court could, therefore, upon a proper application, rightly set aside the default in favor of the company, and so much of the decree as affected the rights of the appellant; but the court refused to set aside so much of it as was against the property involved in the action. Ferguson was not a mere intervener, but had been made a party to the counter-claim by reason of the demand for relief against him which had been made, and an application by him to set aside the decree so far as it affected his interests was proper. By reason of his application he submitted himself to the jurisdiction of the court as to the counter-claim, and is bound by the decree rendered thereon so long as it is in force. Therefore he has the right to have the ruling of the district court which denied him the relief he asked reviewed by means of an appeal.

III. We are next required to determine whether the appellant showed such an interest in the mortgaged property as to entitle him to have the decree as to that set aside or modified. The effect of the action of the district court was to set aside the default and decree so far as they affected the appellant personally, and to refuse to set them aside so far as they affected the mortgaged property. To entitle the appellant to have the default set aside it was necessary for him to file an affidavit of merits which should contain a statement of facts from which the court could determine whether he had a meritorious defense to the counter-claim. Code 1873, section 2871; *King v. Stewart*, 48 Iowa, 334. We have set out so much of the affidavit which the appellant filed in support of his application as can be claimed to show the interest which he

asserts in the property in question. In its additional abstract, Nichols, Shepard & Co. shows that, in July, 1894, which was more than nine months before the decree in question was rendered, the mortgaged premises were sold to the appellant under a special execution which issued on the judgment in favor of the plaintiff and against the Polings for about the sum required to satisfy the judgment. The indorsement of the appellant on the note which the mortgage in question secured was in words as follows: "For value received, I guarantee the payment of the within note at maturity. [Signed]  D. W. Ferguson." The record submitted to us does not contain the evidence upon which the cause on the counter-claim was tried, and it must be presumed that it was shown that the judgment of Nichols, Shepard & Co. was a lien upon the land in question senior to that created by the mortgage. The alleged stipulation of facts which has been stricken from the abstract did not show that the mortgage was given to secure the purchase price. But for the purpose of appellant's application it must be assumed by us that the statements of his affidavit, so far as they recite alleged facts, and not conclusions of law, are true. The question, then, arises whether the fact that the note was given to secure the purchase price of the land, and that it was indorsed as stated, and, with the mortgage, was sold to the plaintiff, gave to the appellant an interest in the land which he is entitled to have protected in this action. We do not think he can claim anything in this case from his mere purchase of the land at execution sale, for the reason that he purchased subject to the rights of the parties as they should be adjudicated in the action which was then pending to determine whose lien upon the land was the senior one. *Rider v. Kelso*, 53 Iowa, 369. Nor do we understand

him to make any claim of that kind, although it is discussed by the appellant; but he bases his objection to the ruling of the district court upon the interest which he claims was created by his indorsement of the note.

He insists that by reason of that indorsement he had a vested right, contingent upon his payment of the note, to be subrogated to the rights of the plaintiff as against the land, and that a court of equity would take cognizance of that contingent right, and make provisions for its enforcement. As between themselves, Ferguson was surety for the makers of the note. It represented their debt, the payment of which he had guaranteed; and it is well settled that in such cases, if the surety pay the debt, he is entitled to the benefit of all securities which the principal debtor has placed in the hands of his creditors to secure the debt. *Rand v. Barrett*, 66 Iowa, 736; *City of Keokuk v. Love*, 31 Iowa, 123; 3 Pomory, Equity Jurisprudence, section 1419, and note; 24 Am. & Eng. Enc. Law, 187; 2 Brandt, Suretyship and Guaranty, section 298. In *City of Keokuk v. Love, supra,* the right of sureties to have provision for subrogation made before they had paid the debt of their principal was considered, and held to exist. In that case the sureties had not paid the debt when the judgment was rendered, and the trial court did not provide for subrogation. The sureties afterwards paid the debt, and it was urged against them on appeal that the right of subrogation did not exist when the judgment was rendered, and that a new case could not be made on appeal. This court said of those claims: "All this is answered by the single proposition that the power of a court of equity is not limited to settling the rights of parties upon what has been done in the past, but it reaches forth, and declares their duties and rights for the future; and in the exercise of this latter power it should have decreed that when the sureties paid the debt of their

principal they should be subrogated to the rights of the creditor." What was thus said is applicable in this action, and is decisive of the controlling question involved in this appeal.

IV. The appellee contends that the application of the appellant is governed by sections 2837 and 2838 of the Code of 1873, and that it is not sufficient to meet their requirements. But those sections refer to applications for a new trial, and do not apply in this case. The appellant had not had the benefit of a trial before the decree in question was rendered, and his application was not for a new trial, but to set aside a default wrongly entered, and a decree wrongly rendered, in order that a trial might be had.

V. We conclude that the application of the appellant was made in due time, and that he showed a meritorious defense to the claim of Nichols, Shepard & Co., and a contingent right to subrogation which entitled him to relief. It was a proper action in which to settle the claims of the various persons who were interested in the subject-matter of the litigation. The appellant was a party to the action, and affirmative relief had been asked against him by Nichols, Shepard & Co., and granted. It was his right to be heard in his own behalf before judgment was rendered against him; and, as the company had not notified him of its adverse claim, it was his right, if his affidavit be true, to have the default set aside, and to be heard on the merits of his claims. The district court, therefore, erred in not fully setting aside the default of the appellant, and requiring him to plead forthwith, and issuably. Code 1873, section 2871. Its ruling, so far as it is involved in this appeal, is REVERSED.

DEEMER, J. (dissenting.)—The opinion holds that the decree, as between Nichols, Shepard & Co. and Man-

ning, is conclusive, and yet finds that Ferguson, by reason of his being a guarantor of the Poling note, is entitled to subrogation, and to rights superior to that of the creditor, Manning.  Concede that in a proper case subrogation may be enforced in equity before payment of the debt, yet the right of the guarantor is to be substituted in the shoes of the creditor.  Subrogation is the substitution of some other person in the place of and to the rights of a creditor.  If Ferguson has any right, it is to be placed in the same position, and given the same rights, as Manning has, when he (Ferguson) pays the judgment.  It is universally held that the party subrogated can obtain no greater rights than were possessed by the one in whose place he is substituted.  *Knapp v. Sturges*, 36 Vt. 721; Sheldon, Subrogation, section 6; Harris, Subrogation, section 489; 24 Am. & Eng. Enc. Law, page 192.  The opinion says that the decree is final as to Manning, and also finds that there was a showing upon the trial that Nichols, Shepard & Co.'s judgment was superior to Manning's mortgage.  The effect of the conclusion reached by the majority is to give to Ferguson, in virtue of his right of subrogation, greater rights than his creditor has against Nichols, Shepard & Co.  It must be remembered that Ferguson was in default as to Manning's petition, and that he made no claim of a right to subrogation in that case.  The decree on the Nichols, Shepard & Co. petition was set aside as to Ferguson.  This is all he was entitled to, and, in my judgment, the case should be AFFIRMED.