JOHN KNOLL AND O. J. PARSONS, Appellants, v. MARSHALL COUNTY, ANGIE MCMANUS, ELVIRA ESTABROOK, L. S. PECKAM, AND H. C. WILSON, County Treasurer.

**Mulct Tax:** SUBROGATION OF SURETIES ON BOND. The owner of premises occupied by the lessee as a saloon keeper under the mulct law instituted proceedings to reduce the tax against the lessee, offered to pay the amount conceded to be due, and a decree was entered directing that such owner pay a certain amount by virtue of the statutory lien on the premises for the tax. The county subsequently recovered the amount of the tax against the sureties of the saloon keeper's bond. *Held,* that such sureties, on payment of the judgment against them, were not entitled to be subrogated to the rights of the county under the decree.

*Appeal from Marshall District Court.*—HON. OBED CASWELL, Judge.

TUESDAY, OCTOBER 15, 1901.

DEFENDANTS' demurrer to plaintiffs' petition was sustained, and plaintiffs electing to stand on their petition,

judgment was rendered against them, from which they appeal.—*Affirmed.*

*J. L. Carney* and *T. F. Bradford* for appellants.

*Henry Stone,* county attorney, and *B. F. Cummings* for appellees.

GIVEN, C. J.—I. The petition shows: That in 1894 one Akers, lessee of defendant McManus, kept a saloon for the sale of intoxicating liquors, under the mulct law, on premises described, upon which defendant Estabrook held a mortgage. That said premises have since been conveyed to defendant Peckham; and that plaintiffs were sureties upon the bond of said Akers. Defendants McManus and Estabrook, claiming that the mulct tax was excessive and in part illegal, instituted proceedings to reduce the same, and to enjoin the collection of the tax as assessed, offering to pay the amount conceded to be due. The district court found that the tax was in part erroneous, and decreed as follows: "It is therefore ordered: That the plaintiff Mrs. A. C. McManus should pay the sum of one hundred and twenty-five dollars ($125) of said tax, to wit, to August 15th, or for two and one-half months,—the city portion of said tax being paid to October 1, 1894,—and she should pay the sum of one hundred and twenty-five dollars ($125) and penalties, amounting to twenty-five dollars ($25), the amount due when the proceeding to rebate was commenced, and all other of said taxes shall be set aside; and said sum shall be a lien on the south 33 feet of lot seven (7) in block seven (7), as against the said interest of Mrs. A. C. McManus therein. That said sum shall be paid on or before October 1, 1895, or the said treasurer shall proceed to sell said property for said taxes. That the plaintiff shall recover all costs of this action, except the clerk's costs of entering this decree and judgment." That after and notwithstanding said decree the county commenced an action against

plaintiffs, as sureties on said bond, to recover said tax, and recovered judgment in the sum of $177 against them. See 102 Iowa, 574. That the plaintiffs have deposited said sum with the clerk, and bring this action for a decree subrogating them to all the rights of Marshall county in said former decree. Defendants demurred upon the ground that the facts stated do not entitle the plaintiffs to the relief demanded.

II. The only question is whether, under the averments of the petition, plaintiffs are entitled to be subrogated to the rights of the county under said first decree. Plaintiffs claim that said decree made the tax a personal demand or claim on Mrs. McManus, and also a lien upon the lot. True, the court found that Mrs. McManus "offered to pay the tax for the time it [her property] was occupied as such saloon," and ordered that she pay $125 of said tax; but Mrs. McManus was not personally liable for this tax, and her offer to pay it was not an acknowledgment of personal liability, but a recognition of the lien imposed by statute upon her property for this tax, and for the purpose of removing the lien. There was no order for general execution against Mrs. McManus, but only for special execution by virtue of the statutory lien, and not because of the offer. The county could not pursue her other property for the payment of this tax. The county had double security, namely, the statutory lien and the bond. It chose to pursue the latter, and recovered judgment thereon notwithstanding the former decree. Plaintiffs, having deposited the amount of said judgment, ask to be subrogated to the rights of the county under the lien against the property given by statute. Suppose there had been no question as to the amount of the tax, and no action to reduce it, and the county had proceeded to judgment on the bond; it would hardly be claimed that the sureties would be entitled to be subrogated to the statutory lien. The decreed does not make the situation different. It finds the amount of the tax, recognizes the statutory lien, and the right of Mrs. McManus to relieve her property by paying the

tax. Surely, in giving to the county its double security, it is not intended that a payment by the property owner of the tax to relieve his property from the stautory lien entitles him to be subrogated to the rights of the county on the bond; nor the bondsmen who pay, to subrogation to the statutory lien. *Gilbert v. Adams,* 99 Iowa, 530, and *Manning v. Ferguson,* 103 Iowa, 566, are cited, wherein it is held that sureties are entitled to the benefits of all securities in the hands of the creditors to secure the debt, and that a surety paying a judgment is entitled to assignment thereof, and to enforce it against his principal. In such cases the relation of the parties arises solely upon the contract, while in this it is upon the statute. No case is cited, nor do we find any, wherein subrogation has been granted as to securities to the public in pursuance of the statute.—AFFIRMED.