WILLIAM N. CHIDESTER, Administrator of the Estate of William Turnbull, Deceased, *et al.*, Appellants, v. THOMAS TURNBULL, *et al.*

Conveyances: BETWEEN PARENT OF CHILD: *Burden of showing undue influence.* A voluntary conveyance made by a father to a son while the father is residing in the son's family, though such conveyance deprives other children of their proportionate shares in the father's property, is not presumptively fraudulent, so as to throw the burden of proof of want of undue influence on the grantee.

SETTING DEED ASIDE: *Evidence.* In an action to set aside a conveyance by a father to a son for want of capacity, it appeared that the father at the time of the conveyance was in advanced years, and had previously objected to conveying his property to his children. He had been injured in his spine some years before the execution of the deed, and after its execution denied it to some of his children, but admitted to others that it was executed; and, although his attention was called to the record thereof, he took no steps to annul it. His other children testified that he was incompetent, but, in the action which was brought by his guardian, he gave a deposition, prior to his death, in which he clearly stated that he understood the conveyance, etc. *Held*, that the evidence was insufficient to justify setting the deed aside.

*Appeal from Jefferson District Court.*—HON. FRANK W. EICHELBERGER, Judge.

WEDNESDAY, MAY 21, 1902.

PLAINTIFF brought this action, as guardian of one William Turnbull, to set aside a conveyance to his son Thomas Turnbull, on the ground that at the time of the execution of the conveyance said William Turnbull was of unsound mind. Before the trial of the case in the lower court, William Turnbull died, and plaintiff was appointed adminis-

trator of his estate, and as such prosecuted the action to judgment. The decree being for defendant Thomas Turnbull, the administrator appeals.—*Affirmed.*

*Leggett & McKemey* for appellant.

*Jones & Fullen* and *I. D. Jones* for appellees.

McCLAIN, J.—It appears that in 1887 William Turnbull executed a warranty deed for a farm of 160 acres to his youngest son, Thomas Turnbull, reciting a consideration of $2,500 in hand paid; that no money consideration for the conveyance was paid at the time of the execution of the conveyance, but defendant undertook, in an instrument which has since been lost, to support William Turnbull and his wife, the stepmother of defendant, during their lives, and that this obligation was fully performed; that subsequently a further obligation to this effect was entered into by defendant, which was duly recorded; that about five years after the execution of this deed, on the application of the children of said William Turnbull, he was found to be of unsound mind, and plaintiff was appointed his guardian, and as such guardian instituted this action to have the conveyance in question set aside on the ground that it had been executed without mental capacity, and as the result of undue influence. This action was still pending in 1899, when William Turnbull died, and plaintiff being appointed administrator of his estate, was substituted in the action, and the other heirs were made parties plaintiff or defendant. As the result of a trial upon testimony taken wholly by depositions, a decree was rendered dismissing plaintiff's action.

While this court has in several cases set aside conveyances from a parent to a child where the consideration was an agreement to support, and the agreement appeared to have been improvidently entered into, and not carried out

in good faith by the grantee, it is well to notice at the out-set that this is not a case of that character. There is no reasonable contention on the part of plaintiffs that there was any failure of the grantee to perform the obli-gation assumed by him, nor is there any evidence that de-ceased was imposed upon or subjected to undue influence for the purpose of procuring the conveyance. The real contention on the part of plaintiffs is that at the time of the conveyance deceased had not sufficient mental capac-ity to make such conveyance, and that it should be set aside on that ground. The administrator, as plaintiff, has no real interest in the controversy, which is one between Thomas Turnbull, on the one hand, claiming to own the farm under this conveyance, and the other children of de-ceased, claiming a right to inherit their respective shares of the property conveyed. It is proper to notice, also, that, at the time this conveyance was made, William Turnbull and his wife were residing on the premises, and that the defendant, Thomas Turnbull, his youngest son, was also residing on the same premises, and managing the farm in question, and that he continued to reside on the farm and furnish support there to his father and stepmother until his father's death.

Counsel for plaintiffs contend that the burden is on the defendant, Thomas Turnbull, to prove that the con-veyance to him by his father was not procured by means of undue influence or imposition for which the relations of the parties gave opportunity, but this is not true. We have recently held that the fact that a voluntary conveyance is made from father to son while the father is residing in the son's family, even though the con-veyance deprives other children of their proportionate share in the father's property, is not presumptively frau-dulent, and will not throw on the grantee the burden of proving the want of undue influence. The owner of prop-erty has a right to dispose of it during his lifetime as he

sees fit, even though his act may in itself seem to be unfair and unreasonable with reference to the interests of other children than the one to whom the conveyance is made. *Mallow v. Walker*, 115 Iowa, 238. Counsel for plaintiffs rely on *Rider v. Kelso*, 53 Iowa, 367, and *Spargur v. Hall*, 62 Iowa, 498, as holding that, where the confidential relation of parent and child exists, the child will not be allowed to take advantage of the parent for the purpose of securing a conveyance of, or other incumbrance upon, the property of the parent. But in the first of these cases the conveyance was from the child to the parent, and, as pointed out in *Mallow v. Walker*, *supra*, the same rule as to presumption of undue influence does not prevail with reference to a conveyance by parent to child; and in the other case it appears that there was direct evidence showing fraud and imposition. Without discussing the evidence on this point, it is sufficient to say that there is no evidence in this case showing undue influence, and, indeed, no evidence showing that the conveyance was, under the circumstances, unfair or unreasonable with reference to the other children.

We have left, then, the sole question whether at the time of the conveyance William Turnbull was so unsound of mind and incapable of making a disposition of his property that the conveyance must be set aside as not executed with the mental capacity essential to the doing of a legal act. The testimony relied on in behalf of plaintiffs shows that, at the time this conveyance was made, William Turnbull was advanced in years, was very hard of hearing, and had a poor memory; that he had previously advised others that it was not good policy for one "to take his shirt and shoes off before going to bed" (this remark having been made on different occasions with reference to the policy of parents giving property to their children); that William Turnbull had been injured in his spine and head by a fall from a haystack two or three

years before the execution of the deed in question; and
that after the execution of the deed he said to some of his
children that he had not deeded the property to Thomas,
and to others that the arrangement was not satisfactory to
him, but that he took no steps to have the deed set aside,
and said to others that it had been executed, although the
fact of its having been recorded was brought to his atten-
tion very soon after its execution. Several of his children
express the opinion that at the time of executing the deed
he was not competent to attend to his own affairs, but this
opinion is based on the fact that he seemed to be childish,
and did not easily understand what was said to him. It
may also be said that some of the testimony as to mental
capacity relates to a period subsequent to that of the exe-
cution of the deed. William Turnbull himself, prior to his
death, gave a deposition in this case, in which he testified
clearly and emphatically to the fact that he did make
the conveyance, and understood at the time what he was
doing; and there is testimony of other witnesses showing
such admissions. There is much testimony, also, for the
defendants, tending to show that aside from the forgetful-
ness due to old age, and the lack of intellectual vigor
which old age generally produces, William Turnbull was
in the reasonable possession of his mental faculties at the
time this conveyance was executed and for some years
afterwards. After reading the evidence, which we need
not set out in further detail, we reach the conclusion that
it does not show such want of mental capacity at the time
the conveyance was executed as to justify us in setting it
aside.—*Affirmed.*