DELLA T. EIGHMY, Appellee, v. L. W. BROCK, Appellant.

**Fraudulent conveyances:** BURDEN OF PROOF: EVIDENCE. A step-
1  father who obtains from his step-daughter barely eighteen years of age and while a member of his family, a conveyance of her interest in real property for an inadequate consideration, has the burden of negativing the presumption of fraud and undue influence. The conveyance in question was obtained under circumstances entitling plaintiff to equitable relief.

**Fraud:** RATIFICATION. The act of a grantor in a conveyance ob-
2  tained by fraud, which does not amount to an intelligent assent to the conveyance after knowledge of the fraud, will not constitute a ratification.

**Fraudulent conveyances:** RECOVERY OF CONSIDERATION. Where a
3  conveyance of an undivided one-third interest in land has been set aside as fraudulent, the plaintiff is entitled to recover one-third of the value of the whole tract.

**Same.** Where defendant gave a note in consideration for a con-
4  veyance procured by him through fraud and afterward discounted the same, on cancellation of the conveyance he was only entitled to credit for the actual amount paid for the note.

*Appeal from Taylor District Court.*— HON. H. M. TOWNER, Judge.

FRIDAY, FEBRUARY 10, 1905.

THE opinion states the case.

*Flick & Jackson,* for appellant.

*Haddock & Sons,* for appellee.

WEAVER, J.— On March 2, 1890, one John Owens died intestate, seised of a farm of one hundred and sixty acres in Taylor county, Iowa. His widow, Electa Owens, and two minor daughters, Ethel E. and Della T., the plaintiff herein, were the only heirs and beneficiaries of his estate, each becoming entitled to a one-third part. On August 8, 1895, the widow was married to L. W. Brock, the defendant. The plaintiff remained a member of the family until her marriage in January, 1903. At the date of the mother's marriage with Brock, plaintiff was about twelve years of age, and arrived at her majority October 22, 1901. Eight days later she united with her mother in conveying their respective interests in the land to the defendant. In consideration of the conveyance by plaintiff, defendant made to her his promissory note for $1,000, due six years after date without interest. On September 30, 1902, defendant discounted and took up his note; the total amount paid to the plaintiff in discharge of said obligation being $694.53. The plaintiff now alleges that the said conveyance was obtained by artifice, fraud, and undue influence; that defendant took advantage of her youth and inexperience, and of her dependent situation as a member of the family, and by such means, and by misrepresentations as to the value of her interest in the land, induced her to part with it for a grossly inadequate consideration. She tenders a return of the money received by her, and asks to have the conveyance canceled, and that she have an accounting for the rents and profits received by the defendant.

The defendant denies all charges of fraud and wrong on his part, and alleges that plaintiff has ratified the conveyance, and cannot be heard to ask for its cancellation. The trial court found for the plaintiff upon the issues of fact. The decree entered permits the defendant to retain the title to the land, but requires him to account and pay therefor at its proved value. The value of the entire farm is placed at $8,000, one-third of which would be $2,666. But the court finds that the interest of the plaintiff, being undivided, is

therefore worth something less than its full fractional part
of the value of the land as a whole, and, for this reason,
discounts or reduces the estimated value of the one-third to
$2,466.   This sum, increased by plaintiff's share of the rents
and profits, makes up an aggregate of $3,426, for which the
defendant was required to account.   Against this sum the
court allowed him credit for improvements made and incum-
brances paid off, $866, and the face of the note for $1,000
which he had given to plaintiff, leaving a remainder of
$1,560, for which judgment was entered in plaintiff's favor,
and made a charge upon the land.   From this decree the
defendant first perfected an appeal.   The plaintiff also ap-
peals from so much of said decree as reduces or discounts the
value of the undivided third of the land by the sum of $200,
and from the provision which charges her with the full face
of defendant's note, instead of the sum actually paid by him
in discharge of the debt.

It will be seen from this statement that the question
presented is principally one of fact, and, without reviewing
the testimony generally, we have to say we agree with the
1. FRAUDULENT    trial court in its conclusion that the convey-
CONVEYANCES:
burden of     ance in question was obtained in a manner and
proof; evi-
dence.        under circumstances which clearly entitle plain-
tiff to equitable relief.   The plaintiff was an inexperienced
girl, and a member of the defendant's family.   That the
defendant had for some time harbored the purpose of obtain-
ing the land is proven, and that immediately upon plaintiff's
arrival at the age of 18 years, and while she was still an
inmate of his household, he took the deed in controversy,
is not denied.   Conveyances made under such circumstances
are viewed by the courts with distrust, and the parent or
guardian who seeks to profit by such a transaction assumes
the burden of negativing the inference of fraud and undue
influence.   *Chidester v. Turnbull,* 117 Iowa, 168; *Mallow v.
Walker,* 115 Iowa, 238; *Harper v. Kissick,* 52 Iowa, 733.
Under the record here presented, it cannot be doubted that

defendant obtained the property at a grossly inadequate consideration — an inadequacy which was materially augmented by the act of defendant in obtaining the plaintiff's acceptance of a note payable six years in the future, without interest, and soon thereafter paying the same at a discount of more than $300. Moreover, we think the record shows that defendant misrepresented to the plaintiff the value of her interest in the property, and that he was aided in the accomplishment of his purpose by advice of his wife given to her daughter to accept his offer, and thereby avoid domestic discord.

The claim of the defendant that, by accepting the money on the note some months after the conveyance, plaintiff ratified the sale, cannot be sustained. She was then still a member of defendant's family, and was less than 19 years of age; and, while the feeling between her and defendant had been somewhat unpleasant, over matters having no connection with property rights and interests, there is nothing to show that she at this time knew or realized that she had been overreached in the deal with her stepfather. Ratification presupposes the withdrawal of the undue influence, and a free, intelligent assent to the contract by the person against whom it is asserted, after knowledge of the real nature of the transaction is or ought to be known to such person. 2 Pomeroy's Equity Jurisprudence, section 964. We are therefore satisfied that the defendant's appeal cannot be sustained.

*2. Fraud: ratification.*

Upon the plaintiff's appeal, we are of the opinion that no good or equitable reason exists for permitting the defendant to have credit for a full $1,000, when the full amount of his payment was but $694.53. If, as the court below well found, the defendant was properly chargeable with fraud in obtaining this conveyance, no one circumstance connected with the deal affords more convincing support to that finding than is found in the fact that, after convincing plaintiff that $1,000 was

*3. Fraudulent conveyances: recovery of consideration.*

a fair compensation for her property, he procured her acceptance of a promissory note having a present value of less than $700. To permit him now to take credit for $1,000 is to permit him to profit by his own wrong, at the expense of the person whom we find entitled to relief against it.

Neither do we coincide in the view that if the land was worth $8,000 — and this is certainly a low estimate, under the testimony of the witnesses — the value of the interest of the plaintiff's one-third should be estimated at anything less than one-third of that sum. While one witness, on being pressed by counsel, said that he thought the value of a fractional interest was less than a like fraction of the value of the whole, he offers no reason or explanation therefor; and, in our judgment, it does not afford sufficient ground on which to sustain the order of the court in this respect.

It follows that the decree of the district court must be affirmed on the defendant's appeal, and reversed on the appeal of the plaintiff. At the election of the plaintiff, decree will be entered in this court increasing the amount of her recovery from the defendant by the sum of $505.47, as of the date of the original decree. The costs of the appeal are taxed to the defendant.

*Affirmed* on defendant's appeal.   *Reversed* on plaintiff's appeal