JOHN W. OSBORNE, Appellant, v. CORA OSBORNE et al., Appellees.

**HUSBAND AND WIFE:** Contracts—Loans and Security Therefor. A contract under which a wife loans money to her husband in order to enable the latter to make payment on land purchased, and under which the deed is made directly to the wife, as security, is valid, even though not performed with all the formality and precaution which strangers would exercise.

**FRAUDS, STATUTE OF:** Operation and Effect—Strangers. A contract providing that a wife will make a loan of money to her hus-

band in order to enable him to meet a payment on land purchased by him, and that the deed to the land will be made directly to the wife, *as security,* may be established, against a stranger to the contract, by parol evidence.

*Appeal from Buchanan District Court.*—George W. Wood, Judge.

November 13, 1923.

Action in equity, whereby plaintiff seeks a decree to the effect that he is the legal owner of a tract of land the title to which is vested in his wife, and that she holds the same only as security for an indebtedness which he owes her. An execution creditor of the wife's is party defendant. Decree dismissing plaintiff's petition, and he appeals. The contest is solely between plaintiff and the execution creditor of the wife.—*Reversed.*

*Cook & Cook,* for appellant.

*R. J. O'Brien,* for appellees.

Faville, J.—On September 24, 1914, appellant purchased a tract of land, on written contract, from the Wapsie Company, at Independence. The purchase price of said land was $18,400.

1. Husband and wife: contracts: loans and security therefor.

Appellant paid down $600 in cash, and under the terms of the contract was to pay $400 on March 1, 1915, and $4,000 on or about March 1, 1918, when he was to receive deed and execute a mortgage for the balance of the purchase price. The contract was signed by appellant and by the vendor by its proper officers. Appellant paid $600 on said contract on the day the same was executed, and also paid the sum of $400, as provided therein. Appellant contends that, at the time settlement was made with the vendor, appellant did not have sufficient funds to make the cash payment then required; that his wife had received $3,000 in cash from her father's estate, which she then had on deposit in a bank. He claims that the wife loaned the $3,000 to appellant, to make the cash payment required, and that the deed to the premises was taken direct from the vendor to the wife, as security for the $3,000 so loaned to the husband. Subsequently,

a judgment creditor of the wife's levied execution upon the said described real estate, as the property of the wife. This action is brought against the wife and the judgment creditor, to establish appellant's title to said premises and to declare the said deed to be a mortgage. The wife of appellant, as a party defendant to said action, concedes appellant's claim. The execution creditor of the wife filed a general denial.

Upon the trial, appellant and his wife both testified with regard to the transaction as claimed by appellant. The cashier of a bank, who was also a stockholder of the vendor company, was a witness, and testified that he conducted the negotiations of settlement for the sale of the farm, and that at that time the $3,000 cash payment was furnished by appellant's wife, who gave her personal check therefor on funds which she had in her own right, and that, at the time, it was discussed and fully agreed that the deed was taken in the name of the wife as security for the said $3,000. The balance of the purchase price of the farm was paid by appellant, certain mortgages being given to represent a portion thereof. It appears that the wife was not present at the time the original contract of purchase of the farm was made, and that she never signed the same. No note was given by the husband to his wife, representing the loan of $3,000, and no rate of interest was agreed upon between them, nor was any definite time fixed when the said loan should be repaid.

The appellee judgment creditor offered no evidence.

The trial court found the facts substantially as above stated, but denied appellant relief, on the grounds that there was not sufficient evidence of a contract of repayment of the loan of $3,000 between the husband and wife, and that there was no proof of an agreement to reconvey the land to the husband, upon payment of the $3,000 so borrowed. We cannot concur in the conclusion reached by the trial court upon the facts, as established by the uncontroverted evidence in the case.

It is a familiar rule that a deed absolute upon its face may be shown by parol to be, in fact, given only as security. *Lavalleur v. Hahn*, 152 Iowa 649, 661.

It is also established that, where one party purchases real estate, and borrows all or a portion of the purchase price from

another party, the vendee may have the title pass direct from the vendor by warranty deed to said third party, and may establish that the same is, in fact, a mortgage, and held by the said third party solely as security for the purchase price so advanced for the vendee. *Jones v. Gillett,* 142 Iowa 506; *Rogers v. Davis,* 91 Iowa 730; *Gehl Co. v. Brahm,* 177 Wis. 222 (187 N. W. 1011); *Mosely v. Mosely,* 86 Ala. 289 (5 So. 732); *Gamble v. Ross,* 88 Mich. 315 (50 N. W. 379); *Rhines v. Baird,* 41 Pa. St. 256; *Lovejoy v. Chapman,* 23 Ore. 571 (32 Pac. 687).

In this case, there is no dispute between the vendee and the holder of the legal title, with regard to the character of the transaction. Both parties testify and concede that the wife did

2. FRAUDS, STATUTE OF: operation and effect: strangers.

loan to appellant $3,000 of the purchase price of the land, and that the title was taken direct from the vendor to the wife solely as security for the money so loaned. The husband and wife, parties to this transaction, are fully corroborated by a disinterested witness, not only to the fact that the wife had the money, and did so pay it, but to the oral agreement at the time between the parties that the title to the land should be held by the wife as security for the money so loaned to the husband. The appellee herein is a stranger to the contract, and as against such party, the appellant may establish by parol the true contract as existing between himself and the holder of the legal title. *Peters v. Goodrich,* 192 Iowa 790, and cases therein cited.

The fact that no note was given by appellant to his wife for the money loaned does not necessarily change the character of the transaction, as testified to by all of the parties. See *Campbell v. Freeman,* 99 Cal. 546 (34 Pac. 113); *Niggeler v. Maurin,* 34 Minn. 118 (24 N. W. 369); *McCaughey v. McDuffie,* (Cal.) 74 Pac. 751.

The fact that no rate of interest was agreed upon at the time will not defeat the transaction as being security. Code Section 3038. It was not absolutely essential that a time of payment be agreed upon, in order for the deed to be security for the debt.

A stranger to the contract who is a mere execution creditor, and in no way protected by any of the provisions of the recording acts, cannot claim any benefits, as against the actual contract between the parties. It is true that such a contract must

be established by clear, convincing, and satisfactory proof. We think the evidence meets the degree of proof required in cases of this kind. The execution creditor claims no other rights in this action than merely the right to subject the real estate itself to the satisfaction of her judgment. This she was not entitled to, under the issues and the record in this case.

The decree of the trial court must be reversed, and the appellant will have a decree in accordance with this opinion in this court or in the trial court, as he may elect.—*Reversed.*

PRESTON, C. J., EVANS and ARTHUR, JJ., concur.