ARTHUR J. McCARTY, Appellee, v. LEONORE E. HUNTING, Appellant; EUGENE H. KANE et al.

No. 45420.

APRIL 8, 1941.

Earl J. North and C. J. Lynch, for appellant.

Thomas L. Woods and Carl F. Jordan, for appellee.

OLIVER, J.—This is an action in equity to determine the priority of liens of plaintiff-appellee, Arthur McCarty, and defendant-appellant, Leonore Hunting, upon real estate consisting of a house and lot in Cedar Rapids, Linn county, Iowa, owned by defendant Eugene H. Kane, husband of defendant Sarah Kane. Plaintiff-appellee is the payee and holder of a $2,000 mortgage upon this property, made by the Kanes. The lien of defendant-appellant, Hunting, had its inception in a mortgage given to her by the Kanes upon other real estate in Keokuk county. In connection with the foreclosure of that mortgage by Mrs. Hunting, she procured an attachment in the sum of $1,500 to issue out of the district court of Keokuk county, and attached the aforementioned Linn county residential property. In the Keokuk county suit the mortgage on the real estate

in that county was foreclosed and the attachment upon the Linn county residence was confirmed. There was a deficiency judgment against the Kanes and Mrs. Hunting later bid in the Linn county residence at sheriff's sale upon special execution thereunder. Upon trial of the case at bar the court decreed plaintiff's lien to be superior to that of defendant Leonore Hunting, and she appeals.

I. Appellant's attachment upon the Linn county real estate was levied October 30, 1936. Appellee's mortgage was executed February 11, 1937, and recorded February 16, 1937. However, appellee contends and the trial court found that, in January 1934, it was orally agreed between appellee and the Kanes that in consideration of advancements to be made them by him, the Kanes would give appellee a mortgage to secure the same upon the residential property in question as soon as they acquired title to said property; that pursuant to said agreement appellee loaned the Kanes $2,000; that the Kanes thereafter acquired title to said real estate and gave appellee the $2,000 mortgage here in controversy. Based upon this factual finding the court held that the lien of the mortgage related back to the agreement and, therefore, was effective prior to appellant's attachment.

It should be here noted that an attaching creditor is not a purchaser for value and that the lien of an attachment upon real estate reaches only the actual interest of the defendant in the property and is junior to a prior mortgage thereon even though the attaching creditor may have no actual or constructive notice of the mortgage. Rea v. Wilson, 112 Iowa 517, 84 N. W. 539; Albia State Bank v. Smith, 141 Iowa 255, 119 N. W. 608; Seevers v. Delashmutt, 11 Iowa 174, 77 Am. Dec. 139.

Appellant does not dispute the foregoing rule. Her contention is that the record is insufficient to justify the factual findings upon which was based the conclusion of the trial court that the lien represented by appellee's mortgage took effect prior to her attachment in October 1936.

There was evidence that, in January 1934, the property was owned by Mr. Kane's mother and occupied by her and the defendants Kane and their children; that she was very old and in poor health; that it was understood the property was to belong

320

to defendants Kane when she was gone; that defendants Kane agreed with appellee that if he would loan them the money "that when we came into possession of this property we would give him a mortgage upon it"; that appellee understood they would give him "a mortgage upon this home as soon as they got squared around"; that "on the strength of that" he loaned them a total of $2,000 between January 1934 and June 1936; that Mr. Kane's mother died testate in October 1935, leaving the home to Mr. Kane and his sister; that this sister conveyed her one-half interest in the home to Mr. Kane in October 1936; and that in January 1937, the Kanes carried out their agreement by giving appellee the $2,000 mortgage on the property.

The trial court stated there was nothing in the circumstances tending to impeach or discredit the witnesses who testified to the agreement; that the "agreement is established by clear, definite and satisfactory testimony and that it has met the close scrutiny of the court in that respect"; that it vested an equitable right or interest in appellee at the time the agreement was made and that when the mortgage was made it related back to said agreement and was superior to subsequent attachments by creditors.

It is necessary that a contract of this character be established by clear, convincing and satisfactory proof. Osborne v. Osborne, 196 Iowa 871, 195 N. W. 586. The question here is largely one of the credibility of the witnesses. In passing upon this great weight will be accorded the findings of the trial court. In re Estate of Brooks, 229 Iowa 485, 294 N. W. 735. From a consideration of the record, as thus viewed, we conclude the agreement relied upon by appellee has been established by proof of the requisite quality and degree.

In so finding we do not overlook appellant's contention that Mr. Kane expected to acquire only a one-half interest in the property from his mother and that there is no showing that he had then arranged to acquire the interest his sister would receive from the mother. However, the evidence was that the Kanes would give a mortgage on the property. The subsequent acts of the parties indicate this was their understanding. We think the record fairly indicates that the agreement contem-

plated the giving of a mortgage to appellee for the entire interest which Mr. Kane would thereafter acquire in the home.

The rule concerning contracts to mortgage is based on the maxim that equity regards that as done which ought to be done. 19 R. C. L. 275. As said by Justice Story, in Mitchell v. Winslow, 2 Story 630, 644, 17 F. Cas., No. 9673, 6 Law Rep. 347:

" * * * wherever the parties, by their contract, intend to create a positive lien or charge, either upon real or upon personal property, whether then owned by the assignor or contractor, or not, * * * it attaches in equity as a lien or charge upon the particular property, as soon as the assignor or contractor acquires a title thereto * * * ."

A case discussing this and other propositions here involved is Rutherford Nat. Bank v. Bogle, 114 N. J. Eq. 571, 169 A. 180. The doctrine of equitable mortgages is old and has been repeatedly recognized in this jurisdiction. Vigars v. Hewins, 184 Iowa 683, 169 N. W. 119; Osborne v. Osborne, 196 Iowa 871, 195 N. W. 586; First Nat. Bank of Cherokee v. Ramsey, 200 Iowa 790, 205 N. W. 464. It follows that under the facts shown in this case appellee's lien was superior to the lien of appellant's attachment.

II. But appellant does not base her claim to priority solely upon the attachment itself. She says her attachment fixed the date of the impression of her lien upon the property, but she relies principally upon an act performed by her during the pendency of this suit: To wit, the purchase of the property at sheriff's sale on special execution under her Keokuk county judgment, which, she says, made her a purchaser for value. Ettenheimer v. Northgraves, 75 Iowa 28, 39 N. W. 120; Keefe v. Cropper, 196 Iowa 1179, 194 N. W. 305. She contends that at the time of this execution sale there was nothing to give her notice of the claimed priority of appellee's mortgage over her attachment and that her purchase pendente lite changed her status to that of a purchaser for value and lifted her rights to a position above said mortgage.

With this contention we do not agree. We think the pending suit served as a bar. It directly involved the respective rights of the two liens. Rider v. Kelso, 53 Iowa 367, 5 N. W.

509; Manning v. Ferguson, 103 Iowa 561, 566, 72 N. W. 762, 764; McGregor v. McGregor, 21 Iowa 441, 452. It is true appellee's petition as originally filed did not set up the contention that his mortgage related back to the prior oral agreement which matter was first pleaded by amendment after the execution sale. But appellant who, prior to the sale, had by answer and cross-petition attacked the bona fides of appellee's mortgage, at all times after the suit was instituted, must have known appellee was claiming the superior lien. His original petition prayed that his lien be adjudicated superior to her claims in said property. This prayer was not amended. The amendment merely added another reason for appellee's claim that his lien was superior. The parties were the same, the property affected was the same and the purpose and object of the action was the same. Bridger v. Exchange Bank, 126 Ga. 821, 56 S. E. 97, 101, 8 L. R. A., N. S., 463, 115 Am. St. Rep. 118; Turner v. Houpt, 53 N. J. Eq. 526, 33 A. 28; Burt v. Gamble, 98 Mich. 402, 57 N. W. 261; 38 C. J. 41; 17 R. C. L. 1036.

Appellant relies upon Keefe v. Cropper, 196 Iowa 1179, 1182, 194 N. W. 305, and Wheeler & Wilson Mfg. Co. v. Hasbrouck, 68 Iowa 554, 27 N. W. 738. But in the Keefe case there was no suit pending against the execution purchaser to take away his cloak of innocence and good faith or to otherwise affect his rights. In the case at bar the purchase was made in the face of a suit against appellant which specifically asserted the superiority of appellee's mortgage and prayed that it be so adjudicated. The Hasbrouck case was a suit to set aside a deed and subject real estate to the payment of a judgment. Proof failed and the court held the real estate could not be subjected thereto. Under the peculiar facts of that case the court elected to regard the buildings thereon as personalty and not as part of the realty. The buildings and the land were treated as distinct and separate properties. Therefore, it was held that the action as originally brought, which affected only the land and did not ask relief as to the buildings, did not create a lien upon them.

Neither of the foregoing cases is in point on the facts nor does either announce a rule which would justify subordinating

appellee's lien to that of appellant. We conclude the trial court correctly decreed the lien of appellant to be the superior. Wherefore, the decree is affirmed.—Affirmed.

HALE, C. J., and MITCHELL, SAGER, BLISS, MILLER, GARFIELD, and WENNERSTRUM, JJ., concur.

STIGER, J., dissents.