Samuel McCullough, Appellant, v. Amanda Connelly, Defendant; Kate Finneran, Intervener, and Appellee.

**Specific performance:** intervention: former adjudication. A former judgment will not operate as a bar unless the proceedings leading up to it afford full legal opportunity for an investigation and determination of the merits of the controversy. Under this rule an intervenor, not originally a party to an action for specific performance of a land contract, but who is claiming title through defendant, is not bound by a decree against defendant rendered upon his default, in which no reference was made to the intervention; although barring defendant and all persons claiming through him from asserting any claim to the land.

**Same.** No one not regularly a party to an action is precluded from questioning the validity of the decree.

**Same:** intervention. Intervention in an action to specifically perform a land contract is permissible, on the theory that the rights of all parties claiming an interest in the property should be settled in one action.

**Equity:** construction of decree. A decree in equity will be construed in the light of the circumstances under which it was rendered; and it will not be given a construction which will result in positive wrong when the same can be avoided.

*Appeal from Crawford District Court.*— Hon. Z. A. Church, Judge.

Monday, December 16, 1907.

Rehearing denied, Tuesday, March 17, 1908.

(An opinion was filed in this case at a former term of this court. Therein the absence from the record of a material fact was given importance to control the decision. Thereafter a petition for rehearing was filed, presenting the contention that certain statements found in the argument of

appellee, as originally filed, should be given effect as an admission of the fact assumed in the opinion to be absent; and on further consideration we conclude that the contention should be sustained. Accordingly the former opinion is withdrawn, and the following substituted in the place thereof, and the petition for rehearing is overruled.)

Action in equity for specific performance of a contract to convey real estate and to establish title. The opinion states the case. From a decree in favor of Kate Finneran, intervener, the plaintiff appeals.— *Affirmed.*

*Sallinger & Korte* and *Geo. A. Richardson,* for appellant.

*Conner & Lally,* for appellee.

Bishop, J.— The real estate, in question consists of a forty-acre tract situated in Crawford county; and on May 6, 1901, the same was owned by the defendant, Amanda Connelly. Plaintiff's action is based on a contract in writing for the sale of said real estate executed in the name of the defendant by one Jackson, agent. The writing is dated May 6, 1901, and recites payment of the consideration in full, and provides that deed of conveyance shall be made on request and surrender of the contract. Such writing was not made a matter of record. In November defendant, acting in person, contracted in writing to sell said real estate to intervener, and December 9, 1901, conveyance thereof was made to intervener by warranty deed, and the consideration money was then paid in full. The deed thus made was recorded, December 11, 1901. The action was commenced December 31, 1901. Plaintiff alleges his request for a deed and the refusal of defendant to comply therewith. It is the prayer of his petition that he have an order for the execution of a deed; and, if defendant fails to comply, that he have a decree establishing his title. On February 1, 1902,

Kate Finneran filed her petition of intervention, asserting her ownership of the land under the deed made to her by defendant as above stated; that she bought the land in good faith, paying full value, and without knowledge of any claim thereto on the part of plaintiff. She prays that her title be quieted as against both plaintiff and defendant, and for generable equitable relief. Plaintiff answered the petition of intervention, admitting the purchase of the property by intervener and the conveyance to her by defendant, admitting that he (plaintiff) claims an interest in the property and denying all other allegations. The prayer is that his title be quieted as against intervener. The cause was brought on for trial as between plaintiff and intervener on December 21, 1902. On the second day of the trial plaintiff amended his answer to the petition of intervention, setting up that on October 24, 1902, there was rendered and entered by said court a judgment and decree in said cause as follows: "' In the District Court in and for Crawford County, Iowa, *Samuel McCullough, Plaintiff, v. Amanda Connelly, Defendant (Kate Finneran, Intervener)*. Decree. On the 22d day of April, A. D. 1902, default herein was entered upon due and personal service made on the defendant, Amanda Connelly, and entered against said defendant; and, the said cause now coming on for final hearing as against said defendant, and upon the said default, the court, being fully advised in the premises, orders, adjudges, and decrees that the equities are with the plaintiff; that the allegations of his petition are sustained by the proof. And it is further ordered, therefore, that the said defendant, Amanda Connelly, execute a warranty deed to this plaintiff, conveying to him the land described in said petition; that she execute the said deed within thirty days from the actual entry of record of this decree; and that, failing to do so, said plaintiff is decreed to have title in him to the said land, and that said defendant, Amanda Connelly, and all persons claiming by, through, or under her, be forever barred and estopped from having or

claiming any right, title, or interest in and to said lands adverse to this plaintiff.   Done in open court October 24, 1902. [Signed] S. M. Elwood, Judge.' That by reason of the rendition of said decree all matters in controversy between plaintiff and intervener have been fully adjudicated. That by reason of the premises intervener is now estopped to question the title of plaintiff to the land in controversy. Wherefore plaintiff prays as before." To this amendment the intervener filed reply, in effect a general denial, in which she denied that the decree so pleaded was of any force or effect as against her.

Appellant seeks a reversal of the decree appealed from on two grounds: (1) That the plea of adjudication and estoppel was good and should have been sustained; (2) That the decree is not sustained by, and is contrary to the evidence.

Considering the first ground it is no part of appellant's contention that intervener, in person or by her counsel, had actual knowledge of the entry of the default decree prior to the time it was pleaded as against her by plaintiff. The question presented, then, is whether the decree was one which, upon being entered, became binding upon intervener as an adjudication of her rights as declared upon in her petition. This question is ruled, on principle at least, as we think, by the case of *Kern v. Wilson,* 82 Iowa, 407, unless it must be said that the appearance of the phrase in the decree, " and all persons claiming by, through or under her," has effect to forbid application of the rule of that case. In that case the controversy was over a stock of goods. Plaintiff's claim to the stock was based upon a chattel mortgage executed to him by one Dwyer, the owner; whereas, defendant, as sheriff, claimed the same under levy of a writ of attachment in favor of Olney & McDaid, and against said Dwyer. Defendant pleaded a former-adjudication as against plaintiff, and, in support thereof brought forward the files and records in a

1. Specific Performance: intervention: former adjudication.

case of *Olney & McDaid v. Dwyer,* from which it was made to appear that therein an attachment had been issued and levied upon the goods in question; that plaintiff in this action, Kern, had intervened in that action, claiming the goods by virtue of his mortgage; further, it was made to appear that Dwyer defaulted, and that judgment was entered against him, with an order for the sale of the attached property under special execution to satisfy such judgment. Quoting now from the opinion: " It does not appear that any proceedings whatever were had upon the plaintiff's petition of intervention or that his claim to the property was in any wise considered or adjudicated. It is evident from these records (in the former case) that there was no decision upon the merits of the respective claims of these parties to the property in question." And the plea of former adjudication was accordingly held to be unavailing. That a former judgment will not operate as a bar unless the proceedings leading up to such judgment " involved or afforded full legal opportunity for an investigation and determination of the merits of the suit," is well settled in the law on the subject. 23 Cyc. 1311, citing in the note among other cases the following from this court: *Randolph v. Hospital* (Iowa), 103 N. W. 157; *Telegraph v. Lee,* 125 Iowa, 17; *Corwin v. Wallace,* 17 Iowa, 374; *Griffin v. Seymour,* 15 Iowa, 30; *Delany v. Reade,* 4 Iowa, 292.

Considering the phrase appearing in the decree quoted by us above, on no view, as we think, can it be given effect to control the situation, and take the case out of the rule of *Kern v. Wilson.* In that case the judgment ordered a sale of the property there in question to satisfy the amount found due plaintiff; thus, on its face, apparently making complete an effectual disposition of the property without any regard for the rights of the intervening mortgagee. Here the decree — given construction most favorable to the claim of appellant — assumes to cut off intervener without naming her as one claiming through and under Mrs. Connelly, from any rights in the property in controversy. The

principle applicable to the one situation is equally applicable to the other.

But, aside from this, it is fundamental doctrine that no one against whom a decree is sought to be enforced is forbidden to question the validity and binding force thereof unless regularly a party thereto. And, as we think, intervener was not a party to the default decree pleaded by defendant, nor does such decree in any fair sense purport to adjudicate any matter presented by her petition. Analyzing the situation, we have plaintiff demanding as against defendant specific performance. He did not make Mrs. Finneran to whom the legal title to the property had passed, a party. Mrs. Finneran appeared as an intervener, and exhibited her title to the property — acquired, as alleged by her, without knowledge of any right or claim of right on the part of plaintiff — and in virtue thereof she denied that plaintiff was entitled to a decree which should have effect to work disturbance in her title or cast a cloud thereon. If defendant was made a party to the intervention by service of notice the fact does not appear. In any event she did not appear to the petition, and she allowed plaintiff's petition to go unanswered. From this it becomes perfectly apparent that the only ground open to controversy lay between plaintiff and intervener. In suffering default, defendant made confession that she had no further interest in the property; and it does not matter that in strictness this confession was in favor of plaintiff. As intervener held a recorded deed from her, and as she had done nothing to repudiate such deed, or bring the same into question, there was no room for controversy between them, and she was in no sense necessary to intervener's action.

**2. SAME.**

Intervention in such cases is permitted on the theory that the rights of all parties claiming an interest in the property should be settled in one action. Here intervener came in to assert her paramount title and beyond this she did not involve herself in the issue tendered as against defendant by the petition of

**3. SAME: intervention.**

plaintiff. She stood upon her own ground, and could interfere in the action only so far as to prove her own right to the property. 17 Am. & Eng. Ency. 185. It is not possible, therefore, for plaintiff, acting collusively with defendant, or taking advantage of the failure of defendant to appear and answer, and acting on his own motion, to proceed to a decree which should have effect to cut off the right pleaded by her. Nothing short of a decree in which the merits of her petition were considered and concluded could bind her. Until the entry of such decree, it was her right to abandon her claim and withdraw from the action, and, should she elect to do this, any decree entered in favor of plaintiff against defendant would not be conclusive on her. *Wilson v. Trowbridge,* 71 Iowa, 345; *Deering v. Richardson,* 109 Cal. 73 (41 Pac. 801); *Guthrie v. Pierson* (Tex. Civ. App.) 35 S. W. 405; 23 Cyc. 1249. This being true, it can not be considered that the court, in entering the default decree, intended to go farther than to conclude the defendant thereby. To say otherwise would be to convict the court of conscious judicial wrongdoing. And this is so because enough appears to make it clear that the court was apprised of the filing of the petition of intervention and knew that the issue joined thereon had not been heard and determined.

Moreover, the decree of a court of equity, like any other matter of writing, is to be given construction in the light of the circumstances appearing of record under which it was entered. "It will be construed and restricted in accordance with the pleadings, and even with reference to other parts of the record." 16 Cyc. 498, and cases in note.

**4. Equity: construction of decree.**

And from this it follows that it will not be given construction such as to result in a positive wrong — evidently not within contemplation — whenever such result is possible to be avoided. It is of no significance that the name of intervener was inserted in the caption of the default decree.

She was not therein adjudged to be in default, nor is it recited, in terms or inferentially, that hearing had been had on her petition or the merits thereof considered. And the decree does not purport to run as against her by name or by necessary implication. Whatever meaning might attach to the use of the expression " and all persons," etc., appearing under other circumstances, as between plaintiff and intervener, under the circumstances here appearing, it is not imperatively required that we ascribe to the court an intention to include intervener within the meaning thereof as used in the default decree. Quite the opposite is dictated by every consideration of equity and this we hold must control. It follows that in rejecting the plea of adjudication and estoppel the court below committed no error. This conclusion does not run counter to the cases of *Devin v. City,* 53 Iowa, 461, and *In re Anderson's Estate,* 125 Iowa, 670, as counsel for appellant seem to think. As we read them those cases are not in point.

On the merits of the controversy, the decree appealed from was correct, and should be approved. The evidence made it clear that Jackson, who assumed to act as agent for defendant and who executed the contract in her name on which plaintiff relies, had no authority whatever to so act. Moreover, as we have seen, intervener had no knowledge at the time she took her deed of such outstanding contract.— *Affirmed.*