J. P. Eckles v. Des Moines Casket Company, Appellant.

**Judgments:** *Res judicata.* A judgment in favor of a party primarily liable for an injury may be pleaded by another as a bar to an action against him on the same cause.

**Pleadings:** demurrer: admissions. A motion to strike a plea of former adjudication should be treated as a demurrer; but an allegation in such a plea that the causes of action were the same is a conclusion not admitted by demurrer.

**Judgments:**  *Res judicata.*  In this action plaintiff was ordered to unload a car of coal and was injured through a defect in the car.  In an action against the railway company in which he relied upon a defective condition of the car, judgment was rendered for defendant on the merits.  In this action plaintiff is seeking to recover against the defendant because of failure to furnish a safe place to work and in ordering him to perform unusual work in an unsafe place.
*Held,* that the action against the railway company was not a bar to this action.

*Appeal from Polk District Court.*—HON. HUGH BRENNAN, Judge.

MONDAY, MARCH 13, 1911.

SUIT to recover damages for personal injuries.  The defendant appeals from a ruling striking its plea of a former adjudication.—*Affirmed.*

*Carr, Carr & Evans,* for appellant.

*E. A. Lingenfelter,* for appellee.

SHERWIN, C. J.—The plaintiff alleged that a car of coal had been placed alongside the appellant's engine room, and that he was ordered to unload it, though such work was not in the line of his employment; that, in attempting to board the car for the purpose of unloading it, one of the iron handholds on the car gave way, and he was violently precipitated to the ground and injured. It was alleged that the defendant was negligent in not providng the plaintiff a safe place to work and in ordering him upon said car.  In its answer the defendant alleged that the car in question was the property of the Chicago Great Western Railway Company, then in the possession of and being operated by receivers, and that the plaintiff had theretofore brought an action against said railway company and the

receivers to recover damages for the same injuries complained of herein, and that said cause was thereafter tried upon its merits and a verdict returned for said defendant. The defendant herein further alleged that, in his petition in said action against the railway, "the plaintiff alleged that the said car which he was attempting to unload was in an unsafe and defective condition, and that the top rung or handhold thereof gave way when he rested his weight upon it, and he was thereby precipitated to the ground and sustained the injuries complained of; that the injuries for which plaintiff sought to recover damages in said action are the same injuries for which he now seeks to recover of this defendant, and in the said action he alleged that they were caused by the defect in said car as alleged in this action; that the injuries for which the plaintiff sought to recover damages therein are the same injuries as those for which he now seeks to recover of defendant, and that the alleged cause of accident therein is the same as he alleges in this action as the cause of his injuries." The plea of former adjudication was stricken upon motion of the plaintiff, and the defendant appealed from the ruling.

It is contended that the liability of the railway company and the defendant was joint and several, that the railway company was primarily liable, and that the judgment on the merits in its favor in the same cause of action is a bar to the present action. It is a well-recognized rule that, where one party has the right of recovery over against another, a judgment in favor of one primarily liable may be pleaded by the other as a bar to an action against him on the same cause of action. 23 Cyc. 1271; 2 Van Fleet, Former Adjudication, section 572; *Anderson v. Fleming,* 160 Ind. 597 (67 N. E. 443, 66 L. R. A. 119); *Emery v. Fowler,* 39 Me. 326 (63 Am. Dec. 627). This rule is not denied by the plaintiff. He contends, however, that it can not be invoked in this case, because the cause of

action pleaded is not the same cause of action that was decided against him in his suit against the railway company. While the plaintiff seeks a recovery herein for the same injuries, his petition is broader and contains a charge of negligence against this defendant that was not made against the railway company. This condition is shown by the petition herein and by the answer of the defendant. The charge of negligence here is that the defendant, being the master, failed to provide the plaintiff a safe place to work, and ordered him to perform unusual work in an unsafe place. The answer of this defendant avers that the plaintiff in his petition against the railway company alleged, as ground of negligence, that the car was in an unsafe and defective condition.

Conceding that both petitions presented the identical issue so far as the condition of the car was concerned, the present petition alleged the additional ground of negligence that we have referred to. It may have been found in the other case that the defective condition of the car was not the proximate cause of the plaintiff's injuries. The question of proximate cause is usually a question for the jury, and in that trial it may have found that ordering the plaintiff into an unsafe place to work was the immediate cause of his injuries, in which event there would be no liability on the part of the railway company. The defendant says in argument that the motion to strike should be treated as a demurrer, and that, so treated, it admitted that the causes of action were the same, because the answer so alleged. We think the motion should be treated as a demurrer. But a demurrer admits only such facts as are well pleaded, and the allegation in the answer that the causes of actions were the same was merely a conclusion of the pleader. The facts upon which such conclusion was based were to be found in the petition and answer in the instant case, and going to them it was manifest that the causes of action were not the same. Our conclusion is

that the motion, treated as a demurrer, was properly sustained.—*Affirmed.*

EVANS, J., taking no part.