G. B. Baker, Appellant, v. Anna Bartlett Ward, Appellee.

No. 41677.

September 26, 1933.

Rehearing Denied February 8, 1934.

Jones & White, for appellant.

Jaques, Tisdale & Jaques, for appellee.

Claussen, J.— On or about March 10, 1930, appellant sold appellee a radio at the agreed price of $214.50. Appellee selected the radio from appellant's stock in his retail store. At the time of the sale appellee signed a purchase contract in which she agreed to pay the $214.50 and mortgaged the machine to secure the payment of the purchase price. The machine delivered to appellee was the one selected by her, but in the mortgage clause of the purchase contract it was described as being "Style 53" whereas it was "Style 52". The machine proved unsatisfactory to appellee. Appellant made efforts to remedy the sources of trouble, but the record indicates that he was not successful in such efforts. Between the time of purchase and following May, appellee paid $105 on the purchase

price. Subsequent to May of that year she made no further payments, and this suit was brought in equity to secure judgment for the unpaid balance and to foreclose the chattel mortgage. In the answer appellee pleads somewhat indirectly that appellant represented the machine to be new, whereas the machine was secondhand. She also pleads that the machine was defective in construction and deficient in operation in a great many enumerated respects, and that she has paid appellant more than the machine was worth, in its defective condition. She does not plead that any warranties or representations were made to her in relation to the construction or efficiency of the machine, her only allegation in relation to representations or warranties being the one before referred to, i. e., that the machine was new.

In an amendment to the answer appellee alleges that the machine did not conform to the representations of the purchase contract. This allegation undoubtedly alludes to the error in the style number. In this amendment she also tenders back the machine and rescinds the contract of purchase.

Appellant filed an amendment to the petition in which he alleged that the style of the machine had been described as "53" instead of "52" by inadvertence and asked that the contract be reformed in that respect. A motion to strike this amendment was overruled. This was a matter resting within the discretion of the court. While appellee complains of this in argument, she has not appealed.

There is very great conflict in the evidence. We have come to the following conclusions as to the facts: The radio was a new machine at the time it was sold. It was defective in construction and deficient in performance. Appellee has paid as much as the machine was reasonably worth. Appellee discovered the defective condition of the machine shortly after its delivery to her, but made no effort to rescind the contract of purchase until the amendment to the answer was filed on January 16, 1932, a year and ten months after the purchase.

The case is in equity and is triable anew in this court. The petition contains a prayer for general equitable relief. Still the case must be tried in this court on the pleadings exactly as cases are tried in the lower court. The allegations of the petition will not permit an offset of damages for the defective construction and inefficient operation of the machine against the claim for the unpaid portion of the purchase price because it is not alleged that any

representations or warranties were made in relation to such matters. Such offset is in the nature of a counterclaim and the facts in relation to the representation or warranty as well as the breach thereof must be pleaded. 55 C. J. 828, section 815. Disregarding appellee's delay in tendering back the machine and endeavoring to rescind the contract, it is obvious that the answer pleads no facts which will sustain rescission in the absence of representation or warranty in relation thereto, neither of which is pleaded. 55 C. J. 293, section 276.

Appellee cannot be given any relief because of the allegations in relation to the radio being a secondhand machine, for she has not sustained the burden resting upon her to prove that it was a secondhand machine. As against appellee's evidence that there were some scratches and mars on the cabinet, and some extra holes bored in the inside parts of the cabinet which hold the mechanism in place, and a knob was loose on the machine, is the testimony of appellant and his employees that the radio was new and had been in stock but little over a week. It is a matter of common knowledge that new machines have scratches and mars and loose knobs and extra holes. And it is truly regrettable that many new machines are lamentably deficient in construction and performance. The parties who testified for appellant were in a position to know whether the machine was new. Notwithstanding their interest in the outcome of the action, their evidence convinces us that the machine was new when purchased by appellee.

Concerning the allegations of the amendment to the answer to the effect that in the mortgage clause of the contract the radio is described as a "Style 53" machine rather than a "Style 52", it may be noted, in passing, that appellee does not testify that anything was said to her about the style number of the machine, or about the number that was inserted in the contract, or that the style number had any influence or bearing on the purchase of the machine. The fact is that she bought the machine that she looked at and wanted. We are satisfied to abiding certainty that the insertion of the number "53" instead of "52" was an error on the part of appellant's stenographer, who prepared the contract, and that the incident neither had nor has any significance in the case.

We reach the conclusion, under the issues tendered by the pleadings and the evidence in the record, that appellant is entitled to judgment against appellee for the unpaid balance of the purchase

price, to wit, $109.50, with interest thereon as provided by the contract, and to the foreclosure of the mortgage upon the radio. A writ of attachment was issued and levied at the time of the commencement of the suit. The decree will provide for the enforcement of such rights as appellant has preserved under the writ. The decree may provide for the reformation of the contract by the correction of the style number of the machine. The case is remanded to the trial court for the entry of decree and further proceedings in conformity herewith.—Reversed and remanded.

ALBERT, C. J., and EVANS, KINDIG, and DONEGAN, JJ., concur.