LORRAINE McKEE, Appellee, v. SILAS FRANKLIN McKEE, Appellant.

No. 47170.

(Reported in 32 N. W. 2d 379)

MAY 4, 1948.

REHEARING DENIED SEPTEMBER 24, 1948.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

James W. Hall, of Des Moines, for appellee.

HAYS, J.—Plaintiff and defendant were married in 1943 and are the parents of Mary Lou McKee, born in 1944. On February 21, 1946 the district court of Polk County, Iowa, granted plaintiff a divorce and the exclusive care and custody of the child, giving to defendant the right to the child for a thirty-day period each year. Defendant was also required to pay plaintiff $25 per month for the child's support, except during the time she was with him.

In July 1946 defendant took the child to his home in Texas, and, while she was with him, commenced an action in the nature of a habeas corpus, asking modification of the Iowa

decree on the grounds of a change in conditions. Plaintiff was personally served with a citation thereof on August 2, 1946 in Warren County, Iowa. On August 7, 1946 plaintiff, in Texas, took the child by force from defendant and brought her to Iowa. Plaintiff did not appear in the Texas proceeding and on August 29, 1946 the Texas court modified the Iowa decree by granting to defendant the sole custody of Mary Lou and eliminating the payments for her support.

On September 17, 1946 plaintiff commenced this action in Polk county, asking that the original decree be modified by eliminating defendant's right to have the child for a thirty-day period each year. Defendant filed a resistance to this application and also filed an application for a modification of the original decree, asking custody of the child. In both pleadings, defendant set forth the Texas decree and alleged a change of circumstances. Plaintiff did not plead to either defendant's resistance or his application for a modification of the decree. The two applications were submitted together and the trial court granted to plaintiff the absolute custody denying to defendant the right to have the child at any time. From a decree thus entered, defendant has appealed.

Appellant contends that the trial court erred in not granting full faith and credit to the Texas decree, and also in finding a change of circumstances. Appellee contends that the Texas court was without jurisdiction and that there was a substantial change of conditions. Thus two propositions are submitted for our determination, one legal, one factual.

First: the legal proposition as to the force and effect of the Texas decree. Article IV, section 1 of the Constitution of the United States provides:

"Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. And the Congress may by general Laws prescribe the Manner in which such Acts, Records and Proceedings shall be proved, and the Effect thereof."

Congress by the Act of May 26, 1790, chapter 11, 1 Stat. 122, as amended, Rev. Stat., section 905, Title 28 U. S. C.,

section 687, provided that judgments "shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the State from which they are taken."

In construing the above- provisions, the courts have announced some very definite rules. In Williams v. North Carolina, 325 U. S. 226, 229, 65 S. Ct. 1092, 1095, 89 L. Ed. 1577, 1581, 157 A. L. R. 1366, 1369, it is held that "a judgment in one State is conclusive upon the merits in every other State, but only if the court of the first State had power to pass on the merits—had jurisdiction, that is, to render the judgment." In Thompson v. Whitman, 18 Wall. (U. S.) 457, 463, 21 L. Ed. 897, 900, it is held only where "the jurisdiction of the court in another State is not impeached, either as to the subject-matter or the person" is the record of the judgment entitled to full faith and credit. In Barber v. Barber, 323 U. S. 77, 86, 65 S. Ct. 137, 141, 89 L. Ed. 82, 87, 157 A. L. R. 163, 169, the court said: "The judgment of a court of general jurisdiction of a sister state duly authenticated is prima facie evidence of the jurisdiction of the court to render it and of the right which it purports to adjudicate." In Miller v. Miller, 200 Iowa 1193, 1201, 1202, 206 N. W. 262, 265, speaking of the credit to be given a foreign decree, this court said: "But we extend to such decree, good on its face, a presumption of validity; and the burden of attack must be upon him who denies the same." See, also, Hobson v. Dempsey Constr. Co., 232 Iowa 1226, 7 N. W. 2d 896. In Esenwein v. Commonwealth ex rel. Esenwein, 325 U. S. 279, 65 S. Ct. 1118, 89 L. Ed. 1608, 157 A. L. R. 1396, it is held that the full faith and credit clause entails the duty to accord prima-facie validity to the decree of a sister state and the burden is on the litigant who would avoid the decree. See, also, Williams v. North Carolina, supra, and New York ex rel. Halvey v. Halvey, 330 U. S. 610, 67 S. Ct. 903, 91 L. Ed. 1133; Olds v. Olds, 219 Iowa 1395, 260 N. W. 1; Delbridge v. Sears, 179 Iowa 526, 160 N. W. 218.

Rule 98, Iowa Rules of Civil Procedure provides that judgments of a court may be pleaded as legal conclusions, without averring the facts comprising them. It further provides that it is not sufficient to deny such averment in terms contra-

dicting it, but the facts relied on must be stated. Rule 102 states that every fact pleaded and not denied in a subsequent pleading shall be deemed admitted, except as to value or damage.

To invoke the jurisdiction of the court under section 598.14, Code of 1946, a new case is not commenced, but the application is in the nature of a supplemental pleading in which the basis for relief asked is set forth and to which issue thereon may be taken by the opposing party. In Schlarb v. Schlarb, 168 Iowa 364, 371, 150 N. W. 593, 596, speaking through WEAVER, J., it is said:

"We suggest, however, that such application should not be in the form of a mere motion supported by affidavits, but rather in a *supplemental petition setting out the facts on which the claim for relief is demanded,* thus informing the defendant of the allegations he has to meet and *enabling him to take issue thereon.*"

In Goodrich v. Goodrich, 209 Iowa 666, 669, 228 N. W. 652, 653, we said: "Its provisions [original decree] are binding upon her, unless she has *alleged and proven* changed conditions and circumstances * * *." In Pedersen v. Pedersen, 235 Iowa 708, 714, 17 N. W. 2d 520, 523, SMITH, J., speaking, says: "We have already pointed out that appellant's 'application to modify divorce decree' is, in effect, a *supplemental* pleading." (Italics supplied in above cases.)

In the instant case, appellant in his resistance to appellee's application and also in his application for a modification, pleaded the Texas decree. Appellee raised no issue as to the jurisdiction of the Texas court and under the rule announced in Barber v. Barber and Miller v. Miller, both supra, the trial court was bound to accept it as a verity and accord to it full faith and credit to the extent required by the Act of Congress, supra. In Texas a decree awarding custody of a child in divorce proceedings is a finality as to the conditions and circumstances existing at the time of the decree. See Lakey v. McCarroll, 134 Tex. 191, 134 S. W. 2d 1016; Goldsmith v. Salkey, 131 Tex. 139, 112 S. W. 2d 165, 116 A. L. R. 1293. The same rule

prevails in Iowa. See Metzger v. Metzger, 224 Iowa 546, 278 N. W. 187; Jensen v. Jensen, 237 Iowa 1323, 25 N. W. 2d 316; section 598.14, Code of 1946.

Appellee, however, contends that the question of jurisdiction may be raised for the first time on appeal and that the jurisdiction of the Texas court is before us for determination. Rule 176, Rules of Civil Procedure says "a trial is a judicial examination of issues in an action * * *. Issues arise where a pleading of one party maintains a claim controverted by an adverse party." No issue was raised by the pleadings as to the validity of the Texas decree. In Wheeler & Wilson Mfg. Co. v. Hasbrouck, 68 Iowa 554, 27 N. W. 738, we held that on a trial de novo the court cannot determine a question as to which no issue is raised in the trial below. See, also, Baker v. Ward, 217 Iowa 581, 250 N. W. 109. Appellee quotes from Rathbun v. Baumel, 196 Iowa 1233, 1260, 191 N. W. 297, 308, 30 A. L. R. 216, 233, to the effect that "a judgment or decree entered without jurisdiction of the subject-matter is void, and works no estoppel or adjudication against anyone." This quotation is found in the dissenting opinion and, assuming the statement to be correct, it is not applicable.

Here, under the record and full faith and credit clause, the Texas decree was entered by a court having jurisdiction. City of Lansing v. Chicago, M. & St. P. Ry. Co., 85 Iowa 215, 52 N. W. 195, is cited by appellee to the effect that the jurisdiction of a court may be challenged at any time in the progress of the cause, and, if not raised by the parties, courts will take notice of questions of jurisdiction. Citing Kline v. Kline, 57 Iowa 386, 10 N. W. 825, 42 Am. Rep. 47. The case was before the court on a demurrer. Kline v. Kline, supra, merely says that want of jurisdiction is a matter which may always be interposed against an adjudication when sought to be enforced or when any benefit is claimed for it. The cases are not in point.

Under the record and the authorities above set forth, we hold that the Texas decree is a verity and that as of the date thereof, August 29, 1946, the defendant was entitled to the absolute custody of Mary Lou McKee. What may have been

the situation had the question of the 'jurisdiction of the Texas court been placed in issue is not before us.

■ Turning now to the factual question. Does the record show such a change of conditions since August 29, 1946 to warrant the Iowa court in changing the custody of the child, as provided for in the Texas decree? All parties were before the court. Appellant by his resistance and by his application for a modification of the decree invokes the jurisdiction of the Iowa court. As before stated, the Texas court could modify its decree any time there was a substantial change of conditions, and as said in New York ex rel. Halvey v. Halvey, supra, "the State of the forum has at least as much leeway to disregard the judgment, to qualify it, or to depart from it as does the State where it was rendered." At page 615 of 330 U. S., page 1136 of 91 L. Ed.

The rule in this state as announced in Jensen v. Jensen, 237 Iowa 1323, 1324, 25 N. W. 2d 316, 317, is:

"Under our repeated holdings and the authorities generally, the divorce decree is final as to the circumstances then existing. It can be modified only if plaintiff has carried the burden of proving by a preponderance of the evidence that *subsequent conditions* have so changed that the welfare of the child demands such modification." (Italics added.) See cases cited.

We have carefully examined the record as to the facts relied upon for a change of custody of the child. The status of the child is fixed, as of August 29, 1946, in the appellant by the Texas decree. The record shows that appellant lives with his parents in a nine-room modern home. The home is a religious one, and, so far as the record discloses, the child would be loved and well-provided for. Appellant is preparing for the ministry. On the other hand, the home which the appellee asks to take the child into is a four-room, not modern, home in which ten people are residing. The stepfather is out of work and does not appear to be able to hold a job any substantial length of time. There are two younger children, half brothers and children of the appellee and her present husband. One was born in January 1946, before the divorce in question was

effective, and the other in December 1946. It is very evident from an examination of the finding of facts made by the trial court that his final decision is based not on a change of circumstances since the Texas decree, but primarily upon the facts that appellant had not made the payments required in the original decree; had brought the case in Texas, after taking the child there supposedly for a thirty-day period only; and that the child would be reasonably well-cared for in appellee's home. Nowhere in the record is found even a scintilla of evidence of a substantial change in conditions since the Texas decree. To avoid the effect to the Texas decree, by granting a change of custody from appellant to appellee on the record before us, is to exceed the limits permitted by the law of the state of its rendition and is thus a denial of full faith and credit guaranteed under the Constitution of the United States.

The decree of the trial court is reversed and remanded with directions to enter an order dismissing appellee's application for a modification, and awarding appellant custody of Mary Lou McKee in accordance with the terms of the Texas decree.

Reversed and remanded with instructions.

BLISS, GARFIELD, WENNERSTRUM, and MANTZ, JJ., concur.

MULRONEY, C. J., and OLIVER, HALE, and SMITH, JJ., dissent.

MULRONEY, C. J. (dissenting)—I respectfully dissent. The majority sees two propositions in the case: one legal and one factual, and determines both in favor of appellant. I would determine both in favor of appellee.

I. The legal proposition concerns the force and effect of the Texas decree. The conclusion of the majority is that appellee failed to raise any issue as to the jurisdiction of the Texas court to render the decree awarding custody of Mary Lou to the appellant and therefore "the Texas decree is a verity." If it survives as a verity it is because our vision of the record is restricted by appellee's failure to file a resistance asserting it is a nullity. The entire basis of the majority opinion is that appellant, in his application for modification of the divorce

decree, "set forth the Texas decree and alleged a change of circumstances" and appellee did not plead or file any resistance to the application, and since there was no issue raised by pleading as to the jurisdiction of the Texas court to enter the decree, the trial court was bound to accept it as a verity and accord to it full faith and credit.

There is no statutory requirement that a resistance must be filed when an application is made for modification of a divorce decree, under penalty that if resistance be not filed, the allegations of the application will be deemed admitted. The statutory authority for the modification of a divorce decree is section 598.14, Code, 1946, providing:

"When a divorce is decreed, the court may make such order in relation to the children, property, parties, and the maintenance of the parties as shall be right.

"Subsequent changes may be made by it in these respects when circumstances render them expedient."

There is not the slightest indication in the statute that a resistance must be filed to the pleading that prays for modification. If it be thought the pleading rules of our Rules of Civil Procedure have application then we should, so far as possible, apply Rules 252 and 253, which deal in general with petitions for modification of judgments. There we learn in Rule 253(c) that such a petition for modification of a judgment filed in the original action "shall stand denied without answer."

In McNary v. McNary, 206 Iowa 942, 943, 221 N. W. 580, a petition to modify a judgment in a divorce case was filed and no resistance was filed thereto. The modification was denied by the trial court and upon appeal the appellant made the same claim as is asserted by appellant here, namely, that because his pleading was not controverted he was, *by reason of that fact*, entitled to the relief prayed for in his petition. On this aspect of the case the opinion states:

"The appellant contends that, since the appellee filed no pleading denying the averments of his petition for modification, he was, by reason of said fact, entitled to the relief as prayed for in his petition. It is apparent that this proposition was

not presented to the trial court. The plaintiff appeared, and trial was had. The allegations of appellant's petition were treated as denied, and trial had upon that theory, without objection by him; and under such circumstances, the proposition now urged by the appellant cannot be made for the first time on appeal. See Wright v. Waddell, 89 Iowa 350; Burnett v. Loughridge, 87 Iowa 324; Hervey v. Savery, 48 Iowa 313; Warren v. Chandler, 98 Iowa 237.

"Moreover, even had the appellee made default, it was incumbent upon the appellant to establish, by proof, that, by reason of changed circumstances or conditions since the time of the rendition of the decree, the enforcement of its provisions would result in positive wrong or injustice."

Actually the trial here was upon two applications for modification filed by each party to the divorce action. Each party appeared in support of the application and in resistance to the other party's application. Although appellee filed no resistance the trial seemed to have been on the theory that appellant's application was treated as denied by her. I feel the issue of the validity of the Texas decree was before the trial court. The trial court was not compelled to modify its order of custody merely because appellant produced a court decree from a foreign jurisdiction if the court could see from the entire record that the decree had been entered without jurisdiction of the subject matter.

II. The majority opinion does not decide whether the Texas court did have jurisdiction. I would hold the question was before the trial court, and is before us, upon the whole record in this de novo review. I would hold that under the record here made the decree was a nullity. We need look no further than the pronouncements of the supreme court of Texas to show that the Texas court was completely without jurisdiction to make a custodial award in this case. In Peacock v. Bradshaw, 1946, 145 Tex. 68, 77, 194 S. W. 2d 551, 556, that court stated the following with respect to jurisdiction of a court to award custody of a child:

"Jurisdiction to award custody of a minor child depends upon the domicile of the child, because judgment awarding

custody carries with it domicile and domestic status. Beale's Conflict of Laws, Vol. 2, pp. 717–718, Sec. 144-3; Restatement of the Law of Conflict of Laws, pp. 177–178, Sec. 117; Milner v. Gatlin, (Tex. Com. App.) 261 S. W. 1003, 1005. A suit for the custody of a child has been referred to as an action in rem. But the res is not the child itself, its physical being; it is the status of the child."

The rule announced in Restatement of the Law, Conflict of Laws, section 117, is:

"A state can exercise through its courts jurisdiction to determine the custody of children or to create the status of guardian of the person only if the domicile of the person placed under custody or guardianship is within the state."

The custody of Mary Lou was in Iowa where her mother lived. The divorce decree provided that, "the exclusive care, custody and control of Mary Lou McKee is hereby granted unto the plaintiff."

As stated in Restatement of the Law, Conflict of Laws, section 32:

"The minor child's domicile, in the case of divorce or judicial separation of its parents, is that of the parent to whose custody it has been legally given."

The divorce decree only reserved "unto the defendant, Silas Franklin McKee, the right to visit said child at reasonable times and places, providing same does not interfere with the education and rearing of the said child," and the decree also permitted defendant "to have the said child with him thirty days each year either during the months of July or August." I do not feel that this is a case of divided custody. In re Adoption of Chinn, 238 Iowa 4, 25 N. W. 2d 735. But if it should be held the decree was open to the construction that the domicile of the child was divided, within the pronouncement in Goldsmith v. Salkey, 131 Tex. 139, 147, 112 S. W. 2d 165, 169, 116 A. L. R. 1293, I would hold that the primary right to modify the original decree is in the court that entered it. The rule in Iowa with respect to the proceedings to modify

1104

a divorce decree is different from the rule in Texas. The Texas Supreme Court has held "a subsequent material change of conditions brings into being a new and independent cause of action", Goldsmith v. Salkey, supra, at page 145 of 131 Tex., page 168 of 112 S. W. 2d, while in Iowa the rule is that a proceeding to modify the custodial provision of a divorce decree is *not* a new and independent one but is supplementary or auxiliary to the original divorce suit. Franklin v. Bonner, 201 Iowa 516, 519, 520, 207 N. W. 778; Jennings v. Jennings, 56 Iowa 288, 9 N. W. 222; Roach v. Oliver, 215 Iowa 800, 805, 244 N. W. 899.

III. Upon the fact question I will admit the decision is close. The paramount question on the issue of whether the custodial provision of the Iowa divorce decree will be changed or modified is the welfare of Mary Lou. Of course I do not admit the burden was upon appellee to show a change of condition since the Texas decree. I think the burden was, at all times, on the appellant to show a change of conditions since the Iowa divorce decree. The record is not very clear as to the exact condition of both parties, and especially the father, at the time the custody was awarded to the mother in the divorce decree. It shows that at the time of the application for modification, the father had a good home in Texas with his parents and that Mary Lou would be welcome in that home. It shows that the father is studying for the ministry and that his income is about $170 a month. With respect to the mother the situation seems pretty much unchanged since the decree in the divorce action was entered. The mother has married again to Everett Kuhns and she and her new husband lived, in somewhat crowded conditions, with appellee's parents until about a month before the trial in the court below. All we learn from the record is that she and her husband and three children now live at a certain address in Des Moines. At the time of the trial Mr. Kuhns was unemployed and the record seems to indicate he has been unemployed a good deal since he married appellee. There seems to have been some investigation by the Humane Society of the home in which Mary Lou was kept during the time appellee lived with her parents. The trial court in his finding pointed to the statements made by the society's

investigator that: "The children were cared for adequately * * * there was no malnutrition * * * there was no abuse of the child * * * the child was not neglected." Without detailing all of the evidence I feel the trial court's decree should be sustained. In a case like this a reviewing court must rely heavily on the judge who saw the witnesses and heard the testimony. We have said that a trial court, in passing upon an application for modification, "exercises a large discretion, which will not be interfered with unless abused." Newburn v. Newburn, 210 Iowa 639, 641, 231 N. W. 389, 391.

I would affirm the judgment.

OLIVER, HALE, and SMITH, JJ., join in this dissent.