FRED J. GUNSON et al., d. b. a. G. & M. SUPERMARKET, appellants, v. GUY WILLIAMS et al., appellees.

No. 47873.

(Reported in 48 N.W.2d 809)

JULY 10, 1951.

Hall, Galloway & Swanson, of Des Moines, for appellants.

Clyde E. Herring, County Attorney, for appellees.

HAYS, J.—This appeal involves chapter 124, Code of 1950, and more specifically that part of section 124.5, which is as follows: "Power is hereby granted to boards of supervisors to issue, at their discretion, class 'B' and 'C' permits in their respective counties * * *."

Plaintiffs own and operate a grocery store located just outside the Des Moines city limits. In 1949 they held a class C beer permit. In 1950, when they applied for a renewal thereof, the same was denied by the board of supervisors. Upon certiorari to the district court the writ was annulled and plaintiffs have appealed.

No question as to the fitness of the applicants is involved. The refusal to renew the permit is due to a new policy of the

board of supervisors to the effect that it will issue only class B permits.

The trial court held that boards of supervisors, under section 124.5, have an absolute discretion in the matter. This is assigned as error, appellants asserting that the discretion authorized under the statute is a judicial or legal discretion and that the board of supervisors in denying them a class C permit has abused the same.

■ Chapter 124, while in a sense a revenue measure, has been held by this court to be primarily a police regulation over an occupation regarded as requiring substantial restriction, supervision and control. Soursos v. City of Mason City, 230 Iowa 157, 158, 296 N.W. 807. Section 124.2(9) defines a "regulation" to mean "any reasonable rule or ordinance adopted by the council or board of any city, town or county and not in conflict with the provisions of any of the statutes of the state."

The legislature has recognized two separate agencies, each with its law-enforcing duties, by placing the issuance of permits in the council for cities and towns, and in the board of supervisors for the counties outside the cities and towns. In each case the governing body is authorized to enact necessary regulations. Sections 124.34 and 124.35.

Under section 124.5 cities and towns are authorized to issue class B and C permits. Section 124.34 authorizes them to limit the number of class B permits to be issued but places a minimum limitation thereon so as to ensure to each city or town at least two permits. Nowhere in chapter 124 is found a limitation upon the number which may be issued by the board of supervisors. Furthermore, this distinction between the county and cities and towns is recognized by the legislature in section 124.5, wherein it authorizes the issuance by the board of supervisors, *at their discretion*, a provision which is not granted to the cities and towns.

■ "Discretion" is defined in Phinney v. Montgomery, 218 Iowa 1240, 1245, 257 N.W. 208, 211, when applied to public functionaries, to mean " 'the power or right conferred upon them by law of acting officially under certain circumstances, according to the dictates of their own judgment and conscience, and not controlled by the judgment or conscience of others.' " The very es-

sence of discretionary power is that persons exercising it may choose which of several courses shall be followed. Commonwealth ex rel. Meredith v. Frost, 295 Ky. 137, 172 S.W.2d 905. See also annotation 155 A.L.R. 1, 10. In reviewing the exercise of such discretion the courts will not interfere with same unless it is abused. In order to constitute an abuse it must appear that it was exercised on grounds or for reasons clearly untenable or to an extent clearly unreasonable. Mutual Home & Savings Assn. v. Merion, 67 Ohio App. 439, 37 N.E.2d 109.

As applied to the instant case we deem it immaterial whether the discretionary power be held to be absolute, or legal and judicial. In either event, there is nothing in this record that shows an abuse of such discretion. Presumably, the actions of public officials are regular unless clear evidence to the contrary appears. Krueger v. Municipal Court, 223 Iowa 1363, 275 N.W. 122; Interstate Power Co. v. Town of McGregor, 230 Iowa 42, 296 N.W. 770, 146 A.L.R. 315. No such evidence appears here. Even assuming, as claimed by appellants, that the basic reason for the regulation excluding class C permits is based upon the revenue involved rather than as a matter of more effective law enforcement as claimed by the appellees, still such a regulation is not contrary to any of the statutes of this state, and in the total absence of a showing of fraud or wrongdoing upon the part of the issuing body such action is within their authority and must be upheld.

Finding no error the judgment of the trial court is affirmed. —Affirmed.

OLIVER, C.J., and BLISS, GARFIELD, WENNERSTRUM, MANTZ, MULRONEY, SMITH, and THOMPSON, JJ., concur.