STATE OF IOWA ex rel. VERN W. HOWSON et al., appellants,
v. CONSOLIDATED SCHOOL DISTRICT OF ELVIRA
(Clinton County), appellee.

No. 48450.

(Reported in 65 N.W.2d 168)

June 15, 1954.

Rehearing Denied September 24, 1954.

W. R. Mockridge, of De Witt, and E. C. Halbach and Alan H. Mayer, both of Clinton, for appellants.

John T. McCarthy, of Clinton, for appellee.

Hays, J.—In February 1953 a petition was filed in the office of the Clinton County Superintendent of Schools asking that the boundaries of the existing Consolidated School District of Elvira be extended as proposed therein. On June 19, 1953, the voters in proposed new district voted 138 "yes" to 22 "no" to adopt the said extension. This action in quo warranto was

commenced on July 21, 1953, wherein the legality of said proceedings was questioned. Pending in said county district court at the time of trial were three other cases involving the same general issues. Cases Nos. 12889 and 12892 were in certiorari, having been commenced just prior to the election. Case No. 12929 was in quo warranto and was commenced July 24, 1953. The instant case was No. 12927. It was agreed that for purpose of trial the four cases should be consolidated, with the record made to be applicable to each case where possible. After a hearing the trial court dismissed the petition in each case, and in each case an appeal was taken by the respective plaintiffs.

Plaintiffs in their petition set forth many things alleged to be in violation of chapter 276, Code, 1950, and under which the proceedings were instituted. Chief among them are: (1) The order of dismissal made by the Board of Education on April 13, 1953, was a finality, and (2) the meetings of the Board on May 18, 1953, and June 1, 1953, when the final order was made establishing the boundaries of the proposed extension, were void since less than a quorum of the Board participated therein. Defendant by answer entered a denial and as to (1), above, asserts that the legality of the proceedings of April 13, 1953 has been legally determined adverse to plaintiffs, in an action in certiorari (Case No. 12860), and is res judicata.

A chronological statement of the proceedings is as follows: The petition was filed in February 1953. After a hearing of objections, the County Superintendent overruled the same. An appeal was taken to the County Board of Education, a date set for the hearing and notice thereof given. On April 13, 1953, after a hearing, the Board voted, three to two, to dismiss the petition, and notice of such action was duly published. On May 5, 1953, an action of certiorari, entitled Consolidated School District of Elvira v. Board of Education of Clinton County (Case No. 12860), was commenced in which the validity of the April 13, 1953 action was questioned. On May 14, 1953, the trial court sustained the writ, holding that two members of the Board of Education who participated in the hearing were disqualified under section 276.10, Code, 1950, and directed the Board to proceed with the fixing of the boundaries. Pursuant

to such order the remaining three members of the Board met on May 18, 1953, and voted to establish the boundaries as set forth in the petition, except as to territory located in Lincoln Township which was eliminated. At the adjourned meeting on June 1, 1953, objection to A. E. Brandenburg, a member of the Board, serving, was made and he withdrew from the hearing. The two remaining members continued with the hearing and, after overruling the objections interposed, voted to establish the boundaries as outlined in the May hearing. The election was held June 19, 1953, with the result above-noted.

It was stipulated at the trial that the members of the County Board of Education are Wm. A. Siegmund, Herman L. Schultz, Merriell Cousins, H. D. Shaff, and A. E. Brandenburg. Plaintiffs placed in evidence duly certified records of the proceedings of the County Board and rested their case. Defendant then offered in evidence what is known in the record as Exhibit D-1, being the original judgment entry signed by the presiding judge, in Case No. 12860, over the objection that said exhibit was the original entry, no foundation had been laid for its introduction, and was incompetent, irrelevant and immaterial. While the court did not rule upon the objection, it is clear that it was overruled and so considered by the court in making its decision. There was also testimony offered as to A. E. Brandenburg's qualification to act at the May 18, 1953 meeting and some general evidence as to the general school situation, and the defendant rested.

I. Plaintiffs' first assigned error is that the court erred in failing to hold that the order of April 13, 1953, dismissing the petition, constituted the end of the proposed proceedings to enlarge the school district. The decision of the trial court upon this issue is based entirely upon the decision in Case No. 12860.

Plaintiffs assert that there is no competent testimony in the record as to the proceedings and judgment in said Case No. 12860, and with this we are inclined to agree. The sole evidence thereof is the Exhibit D-1, above-mentioned. There is no certificate as to what it is; its authenticity, or that it has ever been placed upon the court records. While it is contended

1248

that it was not objected to on the ground of not being the best evidence, we think the objection was sufficiently clear to present such a question.

In State v. Wieland, 217 Iowa 887, 897, 251 N.W. 757, 761, this court said: "* * * there is no judgment until it has been entered upon the court's 'record book' as provided by statute. * * * Until that time there exists no evidence of the judgment, and therefore until the entry is so made in the court's 'record book' there is no judgment." See also Lotz v. United Food Markets, 225 Iowa 1397, 283 N.W. 99; State v. Barlow, 242 Iowa 714, 46 N.W.2d 725. The objection should have been sustained.

But assuming, as claimed by defendant, that Exhibit D-1 was properly in evidence, what is its force and effect under the issues presented by the pleadings? It was offered in support of the plea of res judicata. The doctrine of res judicata is well established and it may exist under two situations: (1) As a bar to a second action upon the same cause of action, and (2) as a bar to relitigation of particular facts or issues in a different cause of action. But in both instances the parties thereto must be identical or in privy thereto. As said in McCullough v. Connelly, 137 Iowa 682, 686, 114 N.W. 301, 302, 15 L. R. A., N. S., 823, no one can be barred by res judicata until he has had " 'full legal opportunity for an investigation and determination' " of the matter. See also School Twp. of Bloomfield v. Independent School District of Castalia, 134 Iowa 349, 112 N.W. 5; Kunkel v. Eastern Iowa L. & P. Co-op., 232 Iowa 649, 5 N.W.2d 899; 30 Am. Jur., Judgments, section 182; 50 C. J. S., Judgments, section 686. It will be noted that the plaintiff in Case No. 12860 was the then existing Consolidated School District of Elvira. In the instant case the plaintiffs are residents of territory outside said district and are clearly adverse to claims made by said district. While it is claimed that the issue presented is one of public interest and that the Board of Education, defendant in Case No. 12860, represents the interest of all parties within the county, in no sense of the word can it be said that it was a "representative proceedings" to which plaintiffs were in privity.

 The trial court held, and we think correctly, that the judgment in Case No. 12860 was not a bar to the instant case due to difference in the parties and that the plea of res judicata was without merit. The court then says that the judgment in said case was binding upon the Board and its recitals therein must be taken as verities; that defendant's denial of plaintiffs' petition placed the burden upon the plaintiffs to show that the members of the Board declared to be disqualified by the judgment in Case No. 12860 were in fact qualified. Thus, while disclaiming the res judicata plea, it gave to the recitals in the judgment the force and effect of competent proof of the fact thus recited and the determination thereof. This is contrary to our holdings. Van Gorden v. Schuller, 192 Iowa 853, 185 N.W. 604; In re Estate of Cohen, 216 Iowa 649, 246 N.W. 780; In re Estate of Hale, 231 Iowa 1018, 2 N.W.2d 775.

 As we view this record the trial court, at the close of the testimony, had before it the records of the official action of a duly constituted Board, showing that on April 13, 1953, it had dismissed the petition asking for the extension of the boundaries of the Elvira Consolidated School District. This it had full power to do under section 276.8, Code, 1950. Such action is to be presumed regular in the absence of a showing to the contrary. Banta v. Clarke County, 219 Iowa 1195, 260 N.W. 329; Krueger v. Municipal Court, 223 Iowa 1363, 275 N.W. 122; Gunson v. Williams, 242 Iowa 916, 48 N.W.2d 809; section 622.56, Code, 1950. There was no competent evidence to the contrary. Such action is final under the provisions of section 276.8, Code, 1950, which states "* * * upon the final hearing the board of education shall fix the boundaries, or dismiss the petition, *which shall be final.*" (Italics added.) Under this record there was no petition pending before the Board at the time of the hearings and orders on May 18 and June 1, 1953. The case must be reversed. While in so doing we are cognizant of the rule that the statutes in question are to be given a liberal construction and that the decision of the majority at the polls is entitled to great weight, however, to accept the contentions of the defendant and the decision of the trial court would be to discard established rules of evidence and procedure, a step we are not prepared to take.

While other errors are assigned we do not deem it necessary to comment thereon. For the reasons above set forth the judgment of the trial court should be and is reversed and remanded with instructions to enter judgment in accordance herewith. Since, by agreement of the parties, the decision herein shall be deemed the decision in the other cases consolidated for trial, a like judgment shall be entered in Cases Nos. 12889 and 12892.— Reversed and remanded with instructions.

All JUSTICES concur.