JOHN F. PHILLIPS, doing business as ANGELUS BONDED
ADJUSTERS, appellee, v. LAWRENCE J. COOPER and
CATHERINE G. COOPER, appellants.

No. 50385.

DECEMBER 12, 1961.

360

Fred S. Nordenson, of Sioux City, for appellants.

George F. Davis of Whicher & Davis, of Sioux City, for appellee.

PETERSON, J.—This action is based on a judgment secured in the Superior Court of Los Angeles County, California, on December 13, 1957. Defendants' only questions are a plea of res judicata as to a judgment secured against defendant Lawrence J. Cooper, in a divorce action by his first wife, Lula, in California, in 1938, and also some question about full faith and credit as to a foreign judgment. The trial court rendered judgment for $2301.69 and interest, as prayed. Defendants have appealed.

I. The case is primarily factual. The test as to whether the principle of res judicata is present, and effective, is: 1. Same parties or parties in privy. 2. Same cause of action. 3. Same issues.

As stated in Hoover v. Iowa State Highway Comm., 210 Iowa 1, 8, 230 N.W. 561, 564: "The foundation theory on which the doctrine of res adjudicata rests is that parties ought not to be permitted to litigate the same issue more than once." See also Griffith v. Fields & Bryant, 105 Iowa 362, 75 N.W. 325; Eckles v. Des Moines Casket Co., 152 Iowa 164, 130 N.W. 113; State ex rel. Howson v. Consolidated School Dist., 245 Iowa 1244, 65 N.W.2d 168; In re Estate of Richardson, 250 Iowa 275, 93 N.W.2d 777; 50 C. J. S., Judgments, section 592; 30 Am. Jur., Judgments, section 161.

II. The sequence of the facts in the case is: Lula Cooper (now Lula Bond) secured a divorce from Lawrence J. Cooper in California in 1938. The parties had two children. Plaintiff was granted custody of the children, and a support-money judgment for $6245.17. Defendant failed to pay.

In 1948 Lula Cooper Bond sued Lawrence J. Cooper in Woodbury County, Iowa, on this judgment. There was a question about service of notice on Cooper in the divorce action.

The trial court submitted the question of service of notice to the jury. The jury found in favor of defendant. On the basis of this verdict, the defendant entered the plea of res judicata in the instant case.

The above facts do not constitute the complete story. Defendant had been separated from his first wife, Lula, for some time prior to her divorce in 1938. In 1936 he started to live with Catherine. There was never any marriage ceremony; the parties proceeding on the theory of common-law marriage. Catherine filed an action for divorce in Sioux City in 1954. Cooper filed one in Nevada the same year. The record does not disclose whether either party secured a divorce, but for the purposes of this case it is immaterial.

In January 1951 Catherine and Lawrence went to California for a visit. In February they purchased a property in Los Angeles, known as Margate Street property, for $11,325. It was subject to a substantial mortgage. It was purchased in the name of Catherine. In an action in California, which we will explain hereinafter, it was held that the property was in fact bought with Lawrence's money and was his property.

On May 13, 1954, Lawrence entered into an agreement with Lula Cooper Bond that the Margate Street property be sold, and that from the proceeds Lula was to receive $4500 "in settlement of case, known as 'Judgment of child support here in California' * * * to satisfy interest and judgment in full". Lawrence deeded the property to his son Darle Cooper, in trust, to expedite the sale, but did not authorize or proceed with the sale as he had agreed.

After defendant failed to proceed with the sale of the Margate Street property, Mrs. Lula Cooper Bond assigned her interest in the judgment in California, as implemented by the new settlement agreement, to plaintiff, John F. Phillips. Darle Cooper also conveyed the property to Phillips, under the trust deed executed to him by his father.

Phillips started a new action against Cooper, in California, on the written agreement of Cooper to pay $4500, supplemented by the deed to him from Darle. On September 8, 1954, Phillips recovered judgment against Lawrence for $4592.16. Execution

was issued, and on October 11, 1955, the Margate Street property was sold to G. F. Stoneman. Phillips also executed quitclaim deed to Stoneman.

Sometime later Catherine G. Cooper filed a quieting-title suit as to the Margate Street property against Lawrence J. Cooper, George F. Stoneman and his wife, Vivian A. Stoneman. By filing such action Catherine submitted herself to the jurisdiction of the California courts. By appearing in the action and contesting it Lawrence J. Cooper also submitted himself to the jurisdiction of California courts. Furthermore, in the findings of fact in this action the trial court found: "All the parties having stipulated in open court that the defense of lack of jurisdiction in the divorce action filed by Lula Bond in * * * Superior Court of California in and for the County of Los Angeles, as set forth in cross-defendant Lawrence J. Cooper's * * * answer * * * *is waived* * * *." (Emphasis ours.)

After a vigorously contested trial, consuming five days, the court quieted the title in George F. Stoneman and Vivian Stoneman, and entered judgment in their favor against Lawrence J. Cooper and Catherine G. Cooper for $2035 rent, wrongfully collected. This case was appealed to Court of Appeals and affirmed. Cooper v. Cooper, 168 Cal. App.2d 326, 335 P.2d 983. The judgment with interest was assigned to plaintiff, John F. Phillips, by the Stonemans.

This is the judgment sued upon herein. This is the point at which defendants fall into error in urging res judicata. The judgment sued upon herein is not the judgment involved in the case tried in 1948. All elements of res judicata are absent. The same parties were not involved. In the 1948 case the parties were Lula Cooper and Lawrence J. Cooper. In the case at bar the parties are John F. Phillips, assignee of and in privy with George F. Stoneman and wife, and Lawrence J. and Catherine Cooper. As to causes of action and issues the 1948 case pertained to a judgment in favor of Lula Cooper against Lawrence J. Cooper for support money in a divorce case. The instant case involves a claim by George F. Stoneman and wife, plaintiff's assignors, against Lawrence J. and Catherine G. Cooper, for rent wrongfully collected.

III.  Rules of res judicata are particularly applicable to courts of the same jurisdiction, but the Full Faith and Credit clause of the United States Constitution, Article IV, section 1, requires that like effect in that respect be given to judgments of other states.  The section provides: "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State. * * *." Bowen v. Bowen, 219 Iowa 550, 258 N.W. 882; Martin Bros. Box Co. v. Fritz, 228 Iowa 482, 292 N.W. 143; McKee v. McKee, 239 Iowa 1093, 32 N.W.2d 379; Williams v. North Carolina, 325 U.S. 226, 65 S. Ct. 1092, 89 L. Ed. 1577, 157 A. L. R. 1366 (cited in McKee v. McKee, supra); Town of Kenwood Park v. Leonard, 177 Iowa 337, 158 N.W. 655; Smith v. Cretors, 181 Iowa 189, 164 N.W. 338.

The California judgment and the opinion in the Court of Appeals were duly authenticated, offered and received in evidence.

The judgment of the trial court is affirmed.—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.